In the Matter of the COMMON COUNCIL OF THE CITY OF GLOVERS-VILLE, Petitioner, *v.* TOWN OF JOHNSTOWN, Respondent.

Third Department, December 15, 1971.

*Michael A. Mazzone* for petitioner.

*Charles P. Caputo* for respondent.

SWEENEY, J. The Town Board of the Town of Johnstown moves to dismiss a petition filed by the Common Council of the City of Gloversville pursuant to section 712 of the General Municipal Law for an adjudication and determination of the issue of whether the proposed annexation of territory in the Town of Johnstown to the City of Gloversville is in the over-all public interest.

Through the territory sought to be annexed by the City of Gloversville runs Route 30-A, a New York State highway, the fee to which is owned by the State. The city's petition for annexation includes this highway. The authority for a local government to annex the territory of another local government is derived from subdivision [d] of section 1 of article IX of the New York State Constitution, as implemented by article 17 of the General Municipal Law, also known as the Municipal Annexation Law.

Pursuant to the Constitution, "No local government or any part of the territory thereof shall be annexed to another until

the people, if any, of the territory proposed to be annexed shall have consented thereto by majority vote on a referendum and until the governing board of each local government, the area of which is affected, shall have consented thereto upon the basis of a determination that the annexation is in the over-all public interest." Subdivision 1 of section 703 of the General Municipal Law provides in part: " Territory in one or more local governments adjoining one or more other local governments may be annexed to the latter pursuant to the provisions of this article."

The issue presented on this motion is whether the existing law permits the City of Gloversville to annex the territory in question where the bulk of the land to be annexed is separated from the city by a State highway. To resolve this issue we must consider article IX of the Constitution in conjunction with article 17 of the General Municipal Law. The proceeding is a statutory one and, consequently, must be strictly construed. (*Matter of City Council of City of Saratoga Springs* v. *Town Bd. of Town of Greenfield,* 29 A D 2d 167.) We must first determine whether a local government may annex a State highway. While our efforts have produced no New York appellate cases dealing with this precise issue, it is our conclusion that such annexation is not authorized. Both the New York Constitution and the pertinent sections of the General Municipal Law refer to territory of a local government. The State does not come within the definition of a local government. (General Municipal Law, § 701.) Since the annexation of territory is limited to that of a local goverment, we conclude that the annexation of a State-owned public highway is not permitted under the statute.

In view of this conclusion it becomes necessary to determine whether the territory that is separated from the City of Gloversville by the State highway may be annexed to the city. The statute specifically provides that the territory to be annexed must adjoin that of the annexing local government. It contains, however, no definition of the term " adjoining ". The word has been defined as " touching or contiguous, as distinguished from lying near or adjacent." (Ballantine Law Dictionary [2d ed.].) In *Baxter* v. *York Realty Co.* (128 App. Div. 79, 80), the following language was used: " What is adjoining must touch in some part ". It is a general rule of construction that words used in a statute are given their usual and commonly understood meaning. Applying the commonly understood meaning of the word " adjoin ", we further conclude that the territory separated

from the City of Gloversville by State highway Route No. 30-A does not adjoin the city and, therefore, may not be annexed.

The motion should be granted and the petition dismissed.

REYNOLDS, J. P., AULISI, STALEY, JR., and GREENBLOTT, JJ., concur.

Motion granted and petition dismissed, without costs.