[690 NYS2d 315]

Siri Pardi et al., Respondents, v Joseph Barone et al., Appellants.

Third Department, May 13, 1999

## APPEARANCES OF COUNSEL

*Bohl, Della Rocca & Dorfman, P. C.,* Albany (*Charles A. Bohl* of counsel), for appellants.

*Bendall & Mednick,* Schenectady (*Gary P. Delisle* of counsel), for respondents.

## OPINION OF THE COURT

SPAIN, J.

This personal injury action arises out of plaintiff Siri Pardi's slip and fall on the improved concrete public sidewalk in front of residential property owned by defendants in the City of Schenectady, Schenectady County. According to plaintiffs, the slip and fall was caused by an accumulation of snow and ice on the sidewalk. Section 228-18 of the Zoning Ordinance of the City of Schenectady provides, *inter alia,* that the owner of lands "abutting" any street shall keep "the sidewalks adjoining [the owner's] lands" free and clear of snow and ice and shall be liable for any injury caused by the failure to do so. After issue was joined and discovery was conducted, defendants moved for summary judgment dismissing the complaint on the ground that section 228-18 is inapplicable to their property and there is no other basis upon which to impose liability on them in this case. In support of their motion for summary judgment, defendants submitted a survey which, according to defendants, establishes as a matter of law that their property does not touch, and therefore does not "adjoin", the sidewalk along the front of their property and, thus, they had no obligation to keep the sidewalk clear of ice and snow under the ordinance, nor does the ordinance impose any liability on them. Supreme Court denied defendants' motion and they now appeal.

We affirm. It is undisputed that the approximately six-foot strip of land which exists between the sidewalk and the defendants' property does not belong to an intervening third party but, instead, is owned by the City; importantly, this strip of land is part of the larger municipal right-of-way within which the street and sidewalk are located (*see, Farnsworth v*

44

*Village of Potsdam*, 228 AD2d 79, 82 [sidewalk is considered part of the street]; *Donnelly v Village of Perry*, 88 AD2d 764, 765; *see also, Schillawski v State of New York*, 9 NY2d 235, 238).

The question which befalls this Court is whether private property "adjoins" a public sidewalk within the meaning of section 228-18 where, as here, there is a narrow, municipally owned strip of land which is part of the municipal right-of-way between the private property boundary line and the improved public sidewalk. It appears to be a novel question of statutory interpretation in this State. Notably, the ordinance itself provides no definition of the terms "abutting" or "adjoining" and makes no reference to, or incorporation of, such definitions. A review of various dictionary definitions, commonly understood meanings and common-law definitions of these terms reveals that, although they are often in other contexts viewed as synonymous with touching, these terms are readily and genuinely susceptible of more than one meaning, i.e., they may be interpreted as requiring actual touching or as encompassing merely close, adjacent or proximate (*see, e.g., Matter of Schneider v Rockefeller*, 31 NY2d 420, 429; *Matter of Common Council v Town of Johnstown*, 37 AD2d 459, 460, *revd on other grounds* 32 NY2d 1; *Baxter v York Realty Co.*, 128 App Div 79, 80, *affd* 198 NY 521; Black's Law Dictionary 41 [6th ed 1990]; Webster's Third New International Dictionary 8, 26, 27 [1993 ed]).* Indeed, there exists no single plain or clearly accepted meaning for these terms and, thus, they are ambiguous and require interpretation.

It is our foremost duty in resolving such a statutory ambiguity to ascertain and give effect to the legislative intent and objective underlying this ordinance (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 92, at 176-182; *see also*, McKinney's Cons Laws of NY, Book 1, Statutes §§ 95, 96). While we must do so in the absence of any direct proof regarding the legislative intent, we have no difficulty in doing so, as we perceive the intent to be fairly evident and obvious.

At common law, the duty of maintaining the sidewalks—which are recognized as part of the street or highway—in a safe condition belonged to the municipality (*see, Roark v Hunting*, 24 NY2d 470, 475). However, where an ordinance, statute or municipal charter specifically imposes both a duty to

---

* We note that many dictionaries report that both "abutting" and "adjoining" are synonymous with "adjacent", a word which does not connote a touching but rather a proximity or nearness.

maintain the sidewalk and liability to injured third parties for failure to do so, the adjoining property owner must assume the duty or face liability; however, if only a duty and no liability is imposed, the adjacent landowner generally may not be held so accountable (*see, Willis v Parker*, 225 NY 159; *City of Rochester v Campbell*, 123 NY 405; *see also, Hausser v Giunta*, 88 NY2d 449, 452-453; *Dufrane v Robideau*, 214 AD2d 913, 914; *Stewart v Town of Waterford*, 152 AD2d 837, 838; *Conlon v Village of Pleasantville*, 146 AD2d 736; *Kiernan v Thompson*, 137 AD2d 957, 958).

Ordinances, such as the one *sub judice*, were adopted with these common-law principles as a backdrop, and impose both a duty and concomitant liability. Indeed, this ordinance follows the trend of most communities seeking to keep their municipal sidewalks clear of ice, snow and debris while shifting both the responsibility to maintain and any liability to owners whose properties lie along the rights-of-way of their streets. While such ordinance provisions are in derogation of common law suggesting, on the one hand, that they be strictly construed (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 301 [c], at 465-466), they are also unmistakably designed and intended to promote the public good of having safe public sidewalks and of containing municipal costs and liability, and, as such, should be liberally construed (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 341, at 499-501).

In discerning the legislative intent behind this ordinance and its use of the terms "abutting" and "adjoining", we are mindful that rules of statutory construction should not be permitted to override the doctrine that the intent of the legislative body is always the primary object of all statutory construction, as courts need only resort to rules of construction where the intent is unclear in order to determine the intent, and no statute should be construed so strictly or narrowly so as to pervert the evident legislative objective (*see*, McKinney's Cons Laws of NY, Statutes § 91, at 173-174; § 92, at 184-185). In that regard, we are persuaded by the proof in this record, offered by plaintiffs' surveyor, that it is not uncommon for improved public sidewalks in the City of Schenectady and other municipalities to be located beyond the property line of the adjacent landowner; that is, it is common for a strip of municipally owned land which is part of the municipal right-of-way to exist between the landowner's property and the improved public sidewalk. Such a strip of land is often invisible to observers in that there are no obvious demarcations

indicating where the private property ends and the municipal right-of-way begins, and the private property may appear to extend right up to the sidewalk.

We can assume that, in adopting this ordinance provision, the City was fully aware of the parameters of its rights-of-way and aware that these narrow strips commonly existed between private property and the improved sidewalk. Hence, the question we must answer is whether the City—in adopting section 228-18 and employing the terms "abutting" and "adjoining"— intended to include within its reach all of the many landowners whose property was separated from the improved public sidewalk by this type of municipal right-of-way. If not, the ordinance would establish a duty and liability only on landowners whose property actually touches the improved sidewalk itself. In our view, such a significant and arbitrary dichotomy was never intended by this ordinance. Indeed, it defies logic and reason. Thus, literally interpreting the terms "adjoining" and "abutting" *in this context* as requiring touching would render the ordinance partially and substantially ineffective and would produce a result clearly not intended, and we decline to adopt such a construction (*see, Matter of Wilson v Board of Educ.*, 39 AD2d 965, 967, *mod on other grounds* 32 NY2d 636; *see also*, McKinney's Cons Laws of NY, Book 1, Statutes §§ 111, 112, 144, at 291-294; § 341, at 499-501).

In view of the foregoing, and to fulfill our primary obligation—when confronted with an ambiguous statutory term—of giving effect to the legislative intention in adopting this provision, we construe the terms abutting and adjoining as used in section 228-18 to include property in close proximity to an improved sidewalk although separated from it by this type of municipal right-of-way. Importantly, this interpretation is merely a recognition of the fact that the street, sidewalk and— where present—the strip of land are all part of the municipal right-of-way and that, regardless of whether the sidewalk or the municipal strip of land actually touches the adjacent property, the City's intention is clear. We therefore conclude that the ordinance in question applies to the improved sidewalk which is located within the City's right-of-way and runs in front of defendants' property, even though it does not touch defendants' property.

As the ordinance not only imposes a duty to keep the sidewalk free and clear of ice but also imposes liability for injuries caused by a breach of that duty, it provides a basis for holding defendants liable as abutting owners (*see, Hausser v*

*Giunta, supra,* at 453). Accordingly, Supreme Court correctly denied defendants' motion for summary judgment seeking dismissal of the complaint.

CARDONA, P. J., MERCURE, PETERS and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, with costs.