■ JONATHAN FERNANDEZ, an Infant, by His Mother and Natural Guardian, ANA FERNANDEZ, et al., Appellants, v HIGHBRIDGE REALTY ASSOCIATES et al., Respondents. [853 NYS2d 71]—

Summary judgment was properly granted to defendant building owners in this action where plaintiff was injured when, while descending a multiple-flight stairway owned by the City of New York and running between two avenues, a loose stair wobbled and caused him to fall. Although Administrative Code of the City of New York § 7-210 requires owners of real property to maintain abutting sidewalks in a reasonably safe condition, the section does not define "sidewalk," and, viewing the legislative history of the section, we find that the definition of "sidewalk" set forth in Administrative Code § 19-101 (d), which does not encompass the subject multiple-flight stairway, should govern (*see also Vucetovic v Epsom Downs, Inc.*, 45 AD3d 28 [2007]). The definition of "sidewalk" in Administrative Code § 7-201 (c) (1) (b), urged by plaintiffs and which includes "step[s] and stairway[s]," applies by its terms only "[a]s used in this subdivision," and addresses the requirement in actions against the City for prior written notice of a defect to the City.

We further note that the record evidence establishes that even following the enactment of Administrative Code § 7-210, the City has continued to exercise control over the subject stairway, including snow removal and making repairs. Concur— Tom, J.P., Buckley, Sweeny and Moskowitz, JJ.