■ REBECCA GARRIS, Respondent, v CITY OF NEW YORK et al., Defendants, and JOSEPH ORBACH et al., Appellants. [885 NYS2d 491]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered December 18, 2008, which denied the motion of defendants Joseph Orbach and Sidney Orbach and/or Lighthouse 37, LLC (collectively Lighthouse) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as to said defendants. The Clerk is directed to enter judgment accordingly.

Lighthouse met its burden on summary judgment with a prima facie showing establishing as a matter of law that plaintiff did not trip on the sidewalk, but rather on a "gap" between the metal portion of the curb and the concrete portion of the curb, and that Lighthouse neither caused nor created the defect involved in plaintiff's accident (see *Miller v City of New York*, 253 AD2d 394, 395-396 [1998]). Since Administrative Code of the City of New York § 19-101 (d) defines sidewalk as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, *but not including the curb*, intended for the use of pedestrians" (emphasis added), the Lighthouse defendants were not obligated to maintain the curb and are not liable to plaintiff (see *Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008] [tree well]; *Ortiz v City of New York*, — AD3d —, 2009 NY Slip Op 06299 [2009] [pedestrian ramp]; *Fernandez v Highbridge Realty Assoc.*, 49 AD3d 318 [2008] [multiple-flight stairway running between two avenues]). The certified transcript of plaintiff's General Municipal Law § 50-h examination was properly submitted by Lighthouse, as an admission, in support of its motion (see *Morchik v Trinity School*, 257 AD2d 534, 536 [1999]; *Claypool v City of New York*, 267 AD2d 33, 35 [1999]). Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.