■ CHARLIE ASCENCIO, Respondent, v NEW YORK CITY HOUS-ING AUTHORITY, Appellant. (And a Third-Party Action.) [910 NYS2d 61]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about November 10, 2008, which, to the extent appealed from as limited by the briefs, denied defendant-appellant New York City Housing Authority's (NYCHA) motion for summary judgment dismissing the complaint as asserted against it, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against NYCHA. The Clerk is directed to enter judgment accordingly.

Plaintiff allegedly sustained injuries when he slipped on a sidewalk that was abutting property owned by NYCHA. He alleged negligence in failing to maintain the "sidewalk/curb area."

NYCHA met its burden on summary judgment with a prima facie showing establishing as a matter of law that plaintiff did not slip on the sidewalk, but rather, on "the curb in between the street and the sidewalk" or "the edge of the sidewalk," and that it neither created the defect or made special use of the curb (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]). Because Administrative Code of the City of New York § 7-210 only requires that NYCHA maintain sidewalks abutting its property, and Administrative Code § 19-101 (d) defines "[s]idewalk" as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, *but not including the curb,* intended for the use of pedestrians" (emphasis added), NYCHA was not obligated to maintain the curb (*see Garris v City of New York*, 65 AD3d 953 [2009]; *Fernandez v Highbridge Realty Assoc.*, 49 AD3d 318, 319 [2008]). The affidavits of the Superintendent and Supervisor of Grounds for the premises, stating that neither employee knew of any repairs made by NYCHA to the curb, or any special use of the curb by NYCHA, sufficiently showed entitlement to summary judgment (*see Rubin v City of New York*, 258 AD2d 371, 372 [1999]). Nothing in the record suggests that NYCHA created the defect or made a special use of the curb. Concur—Saxe, J.P., Acosta, Freedman, Richter and Abdus-Salaam, JJ.