[962 NYS2d 4]

DENISE JAMES, Respondent, v 1620 WESTCHESTER AVENUE, LLC, et al., Appellants.

First Department, February 7, 2013

## APPEARANCES OF COUNSEL

*Ford Marrin Esposito Witmeyer & Gleser, L.L.P.,* New York City (*Joseph D'Ambrosio* and *Andrew I. Mandelbaum* of counsel), for appellants.

*Alexander J. Wulwick,* New York City, for respondent.

## OPINION OF THE COURT

RICHTER, J.

On or about September 18, 2005, plaintiff was walking home from the grocery store, pushing her shopping cart along the sidewalk on Morrison Avenue in the Bronx. As plaintiff walked, one of the wheels of the cart went into a hole in the sidewalk, causing the cart to flip over. Plaintiff fell to the ground and the cart fell on top of her. Plaintiff alleges that as a result of the accident she sustained a debilitating injury to her neck and a spiral fracture of her right leg.

Defendant 1620 Westchester Avenue, LLC, owns the premises known as 1620 Westchester Avenue, a triangular-shaped building. The building is managed by defendant ISJ Management Corp. The block on which the building sits is bounded to the north by Westchester Avenue, to the east by Harrod Avenue, to the south by Harrod Place, and to the west by Morrison Avenue. Because of the shape of defendants' building, there is a large triangular-shaped sidewalk area between the building and Morrison Avenue. As one travels south from the corner of Morrison and Westchester Avenues, the paved sidewalk splits in two. One part of the sidewalk runs at an angle directly alongside the building, and the other part runs parallel to Morrison Avenue. In between the two paved sections of the sidewalk lies a smaller unpaved triangular area containing grass and several trees.

■ According to plaintiff, the accident occurred on the portion of the paved sidewalk parallel to Morrison Avenue and adjacent to the unpaved grassy area.[1] This grassy area is not part of defendants' property but is owned by the City of New York.[2] Land surveys submitted by both plaintiff's and defendants' experts indicate that there is no separate tax lot assigned to this area. Thus, there is no intervening parcel between defendants' property and the curb line of Morrison Avenue.

---

1. Defendants point out that plaintiff provided inconsistent descriptions of the accident's location. That, however, merely raises an issue of fact and provides no basis to grant defendants summary judgment.

2. The parties agree that the City owns this grassy area. This fact was

Plaintiff brought this action against defendants seeking to recover for personal injuries sustained when she allegedly fell on the sidewalk. Defendants moved for summary judgment dismissing the complaint, arguing that they were not responsible for maintaining that part of the sidewalk where plaintiff allegedly fell. Plaintiff cross-moved for summary judgment in her favor and for permission to amend her bill of particulars to correct the location of the accident. In an order entered May 5, 2011, the court denied both motions for summary judgment and granted plaintiff's cross motion for leave to amend.[3] Defendants moved to renew, and in an order entered March 8, 2012, the court denied the motion. Defendants now appeal from both orders.

Historically, liability for injuries sustained as a result of negligent maintenance of a public sidewalk was placed on the municipality. In New York City, that changed with the enactment of Administrative Code of City of NY § 7-210 which, with certain exceptions, transferred tort liability for defective sidewalks from the City to abutting property owners. Subdivision (a) of the statute imposes a duty upon "the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." Subdivision (b) further provides that "the owner of real property abutting any sidewalk . . . shall be liable for any . . . personal injury . . . proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition." Failure to maintain a sidewalk in a reasonably safe condition includes, but is not be limited to, "the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags" (id.).

Although section 7-210 does not define the term "sidewalk," Administrative Code § 19-101 (d) defines sidewalk as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians." This Court has held that, in the absence of a definition in section 7-210, the definition of sidewalk in section 19-101 (d) should govern (*Fernandez v Highbridge Realty Assoc.*, 49 AD3d 318, 319 [1st Dept 2008]; *see Ascencio v New York City Hous. Auth.*, 77 AD3d 592, 593

---

confirmed by the deposition testimony of a representative of the building's management company submitted in support of defendants' summary judgment motion.

**3.** Plaintiff has abandoned her appeal from the denial of her cross motion for summary judgment.

[1st Dept 2010] [applying section 19-101 (d) in determining scope of duty under section 7-210]; *Garris v City of New York*, 65 AD3d 953, 953 [1st Dept 2009] [same]).

 The definition of the term "sidewalk" in section 19-101 (d) requires denial of defendants' motion for summary judgment. According to plaintiff, the accident took place between the curb line of Morrison Avenue and the adjacent property line of defendants' building.[4] This location fits squarely within the definition of sidewalk contained in section 19-101 (d), making section 7-210 applicable (*see Khaimova v City of New York*, 95 AD3d 1280, 1281 [2d Dept 2012] [brick walkway between curb and property line was part of the sidewalk for purposes of liability under section 7-210]; *Harakidas v City of New York*, 86 AD3d 624 [2d Dept 2011], *lv dismissed* 20 NY3d 1000 [2013] [same with respect to asphalt surface between curb line and property line]).

In disclaiming liability under section 7-210, defendants argue that the part of the sidewalk where plaintiff allegedly fell does not abut their property, but rather abuts the unpaved grassy area, which defendants characterize as a separate "parcel of land" and a "park area." Defendants' use of these terms to describe the grassy area is unsupported by the record. The undisputed evidence establishes that, although under the ownership of the City, no separate tax lot is assigned to this area. Nor is there any evidence that the grassy area was ever designated as a park. We perceive no reason why liability under section 7-210 should not attach merely because there is an unpaved area of grass, not comprising a separate lot of property, between the location of the accident and defendants' abutting property.

This case is similar to *Pardi v Barone* (257 AD2d 42 [3d Dept 1999]). In *Pardi*, the plaintiff fell on a concrete public sidewalk in front of the defendants' property in the City of Schenectady. A strip of land owned by the City was situated between the sidewalk and the defendants' property. This strip was part of the larger municipal right-of-way within which the street and sidewalk were located. A local zoning ordinance, similar to section 7-210, provided that "the owner of lands 'abutting' any street shall keep 'the sidewalks adjoining [the owner's] lands' free and clear of snow and ice and shall be liable for any injury caused by the failure to do so" (*id.* at 43 [brackets in original]).

---

4. Although not raised by defendants, there is no question that this paved section of the sidewalk was "intended for the use of pedestrians" (Administrative Code § 19-101 [d]).

The defendants in *Pardi* moved to dismiss the complaint, arguing that because their property did not touch the sidewalk, but rather adjoined the strip of land, they had no liability under the ordinance. The Court rejected this argument, finding that the terms "abutting" and "adjoining" as used in the ordinance should be construed "to include property in close proximity to an improved sidewalk although separated from it by [the strip of land]" (*id.* at 46). In reaching this result, the Court recognized that the street, sidewalk and the strip of land all comprise a municipal right-of-way, "regardless of whether the sidewalk or the municipal strip of land actually touches the adjacent property" (*id.*).

The Court in *Pardi* concluded that the local ordinance applied to the concrete sidewalk running in front of the defendants' property even though it did not touch the defendants' property (*id.*). Defendants here attempt to distinguish *Pardi* by focusing on language in the opinion noting that the strips of land at issue there commonly existed in the relevant city. Defendants ignore the more fundamental part of the *Pardi* analysis holding that the terms "abutting" and "adjoining" need not be limited to property directly touching the building. Although the part of the paved sidewalk where plaintiff allegedly fell does not actually touch defendants' property line, it is part of a larger sidewalk area that, when fairly viewed, runs in front of defendants' property and "abut[s]" the property for purposes of ascribing liability under section 7-210.

This result is not inconsistent with *Vucetovic v Epsom Downs, Inc.* (10 NY3d 517 [2008]). In *Vucetovic*, the plaintiff was injured when he stepped into a tree well and tripped on one of the cobblestones surrounding the dirt area. The Court of Appeals affirmed dismissal of the complaint, holding that a tree well is not part of the "sidewalk" for purposes of section 7-210 (*id.* at 518-519). Here, in contrast, plaintiff allegedly fell as a result of a defect in a paved section of a concrete sidewalk. There is no allegation that plaintiff fell in a tree well, or anything akin to one. Moreover, the Court of Appeals did not address whether the sidewalk could include a paved area adjacent to an unpaved patch of grass where trees are planted.

Defendants' view, if accepted, would lead to absurd, and unintended, results. If a plaintiff were to fall on one side of a grassy area (or tree well, for that matter) in a public sidewalk, liability would attach to the adjacent property owner. On the other hand, if the plaintiff were to fall on the other side, the

City would be liable. Such a result would be inconsistent with the purposes behind enactment of section 7-210. In *Vucetovic,* the Court noted that

> "[t]he City Council enacted section 7-210 in an effort to transfer tort liability from the City to adjoining property owners as a cost-saving measure, reasoning that it was appropriate to place liability with the party whose legal obligation it is to maintain and repair sidewalks that abut them—the property owners" (*Vucetovic* at 521 [internal quotation marks omitted]; *see also Pardi,* 257 AD2d at 44-45 [focusing on the "obvious" legislative intent of the ordinance—to shift responsibility for keeping sidewalks clear of snow and ice from municipalities to owners whose properties lie along the rights-of-way of municipal streets]).

To interpret the term "abutting" as absolving defendants of liability here, and resulting in potential liability for the City, would "produce a result clearly not intended, and we decline to adopt such a construction" (*Pardi,* 257 AD2d at 46).

Defendants' motion to renew was properly denied because they failed to offer a reasonable justification for not presenting the new affidavit on the initial motion (*see Matter of Colletti v Schiff,* 98 AD3d 887, 888 [1st Dept 2012]). In any event, the affidavit submitted on renewal did not warrant a different result. Finally, the court properly granted plaintiff's motion to amend the bill of particulars. The amendment was sought prior to close of discovery, and did not prejudice defendants, who were on notice of the proper location of the accident early in the litigation (*see Cherebin v Empress Ambulance Serv., Inc.,* 43 AD3d 364, 365 [1st Dept 2007]).

Accordingly, the order of the Supreme Court, Bronx County (Robert E. Torres, J.), entered May 5, 2011, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for leave to amend the complaint, should be affirmed, without costs. The order of the same court and Justice, entered March 8, 2012, which, to the extent appealed from, denied defendants' motion for leave to renew, should be affirmed, without costs.

Gonzalez, P.J., Sweeny, Román and Clark, JJ., concur.

Orders, Supreme Court, Bronx County, entered May 5, 2011 and March 8, 2012, affirmed, without costs.