*640 Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about November 29, 2012, which, to the extent appealed from, denied defendants’ motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, unanimously affirmed, without costs.
Plaintiff was allegedly injured when a coworker who was assisting him in manually lowering heavy cabinetry from the back of a delivery truck, lost his grip on the furniture piece, causing plaintiff to absorb the full weight of the cabinet. Plaintiff testified that his coworker lost his grip on the cabinet and was caused to fall when he stepped backward from the street, onto a defective portion of curb and sidewalk in front of defendants’ premises.
Defendants established their entitlement to judgment as a matter of law. Defendants submitted evidence indicating that plaintiff was injured due to an alleged defect in a curb; that the alleged defect was not clearly identified since plaintiff never testified that he observed the spot where his coworker lost his footing; and that the cause of plaintiffs injury was grounded in speculation.
In opposition, plaintiff raised a triable issue as to the common-law negligence claim. A photograph marked by plaintiff as the location where his coworker stumbled, taken together with plaintiffs testimony regarding where he saw the coworker step up onto the sidewalk and that the defective condition spanned from the curb over to the immediate adjoining sidewalk, raise triable issues as to where the coworker was caused to fall. While defendants, as landowners, would not have a duty to maintain the curb (see Garris v City of New York, 65 AD3d 953 [1st Dept 2009]), they would have a duty to maintain the abutting sidewalk (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517 [2008]).
The court also properly declined to dismiss the Labor Law § 200 claim. The record presents questions as to whether defendants had constructive notice of the alleged defective condition in front of its premises where deliveries of renovation materials were made (see Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555-556 [1st Dept 2009]; McLean v 405 Webster Ave. Assoc., 98 AD3d 1090 [2d Dept 2012]).
We have considered defendants’ remaining arguments and find them unavailing. Concur — Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.