Rojas v Empire City Subway Co. Ltd. (2019 NY Slip Op 05204)





Rojas v Empire City Subway Co. Ltd.


2019 NY Slip Op 05204


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


9754 150691/13

[*1]Kenton Rojas, Plaintiff-Appellant,
v
Empire City Subway Company Ltd., Defendant-Respondent, City of New York, et al., Defendants.


Diamond & Diamond, Brooklyn (Stuart Diamond of counsel), for appellant.
Obermayer Rebmann Maxwell & Hippel, New York (Jesse Levitsky of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about April 5, 2018, which, to the extent appealed from as limited by the briefs, granted defendant Empire City Subway Company Ltd.'s (Empire) motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.
Empire owns certain manholes in Manhattan, including one located immediately adjacent to where plaintiff allegedly tripped and fell on a hole in a curb. While the Highway Rules require owners of manholes to monitor and repair defective street conditions within an area extending twelve inches outward from the perimeter of the manhole (34 RCNY 2—07[b][2]), curbs are not included in the area that a manhole owner is required to repair (see 34 RCNY 2-01). Accordingly, 34 RCNY 2—07(b) does not apply to curbs (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521-522 [2008]; Rakowski v St. Aiden's R.C. Church, 135 AD3d 730, 731 [2d Dept 2016]; Ascencio v New York City Hous. Auth., 77 AD3d 592, 593 [1st Dept 2010]; Garris v City of New York, 65 AD3d 953 [1st Dept 2009]).
Nevertheless, Empire City Subway Company Ltd.'s motion for summary judgment should have been denied, as it failed to establish that the hole which caused plaintiff's fall was entirely on the curb (see Metzker v City of New York, 139 AD3d 828, 830 [2d Dept 2016]; Buonviaggio v Parkside Assoc., L.P., 120 AD3d 460, 461-462 [2d Dept 2014]; cf. Ascencio at 593), or outside of the manhole's 12 inch perimeter (34 RCNY 2-07 [b][2]). Although plaintiff described the hole as located at the curb, another witness testified that the hole was partially on the curb and partially on the sidewalk. Plaintiff also identified a photo of the hole which indicated that the area where the hole was located did not have a clearly defined curb.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK