Brown v New York City Dept. of Transp. (2020 NY Slip Op 05807)





Brown v New York City Dept. of Transp.


2020 NY Slip Op 05807


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 24598/13 Appeal No. 12093 Case No. 2019-04234 

[*1]Nyaisha Brown, Plaintiff-Respondent,
v
New York City Department of Transportation, et al., Defendants, Mana Construction Group, Defendant-Respondent, Gore Creek LLC, UA Development Corp., et al., Defendants-Appellants.


Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for appellants.
Mallilo & Grossman, Flushing (Ann Jen of counsel), for Nyaisha Brown, respondent.
Perry, Van Etten, Rozanski & Kutner, LLP, Melville (Geoffrey H. Pforr of counsel), for Mana Construction Group, respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about September 19, 2019, which denied the motion for summary judgment by defendants Gore Creek, LLC and UA Development Corp. to dismiss the complaint and all cross claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against those defendants.
In this action for personal injuries, plaintiff alleged that she stepped into an area of a missing sidewalk curb, causing her to trip and fall. The missing sidewalk curb was a sizable gap located next to a tree well. On the date of the accident, Gore owned the premises abutting the sidewalk. The building was managed by UA.
The owner of premises abutting the public sidewalk has a nondelegable duty to maintain and repair the sidewalk abutting the premises (Administrative Code of the City of New York § 7—210; see LaRosa v Corner Locations, II, L.P., 169 AD3d 512, 513 [1st Dept 2019]). The sidewalk includes "the intersection quadrant for corner property" (Admin Code § 7-210[a]). "Although section 7-210 does not define the term 'sidewalk,' Administrative Code § 19-101 (d) defines sidewalk as 'that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians'" (James v 1620 Westchester Ave, LLC, 105 AD3d 1, 4 [1st Dept 2013][emphasis added]). In the absence of a definition in section 7-210, this Court has held that the definition in section 19-101(d) should govern (see id.; Fernandez v Highbridge Realty Assoc., 49 AD3d 318, 319 [1st Dept 2008]).
We find that Gore/UA's motion for summary judgment should have been granted. Review of the photographs clearly show that the area where plaintiff fell is a curb, intended for the use of pedestrians. Therefore, the definition of the term sidewalk in section 19-101(d) shows that Gore and UA did not have a duty to maintain or repair the area where plaintiff fell. Further, to the extent that plaintiff's injuries were caused by the tree well, Administrative Code § 7-210 "does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]).
We also find that there is no question of fact as to whether Gore or UA assumed an obligation to maintain or repair the defective condition merely because they removed garbage from the missing sidewalk curb. Absent a showing that they affirmatively caused or created the defect or put the area to a special use, we find that they are not liable for plaintiff's injuries (see Kellogg v All Sts. Hous. Dev. Fund Co., Inc., 146 AD3d 615, 617 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020