**Chandler v NBT Victory Dev. LLC**

2024 NY Slip Op 30569(U)

February 22, 2024

Supreme Court, New York County

Docket Number: Index No. 161690/2019

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02TR

------------------------------------------------------------------------------X

MOSES CHANDLER,

|  | | |
|---|---|---|
| **INDEX NO.** | 161690/2019 |

Plaintiff,

**MOTION DATE** 08/04/2022, 06/05/2023

- v -

NBT VICTORY DEVELOPMENT LLC,PLS CHECK
CASHERS OF NEW YORK INC.,PLS CHECK CASHING,
WESTERN UNION COMMUNICATIONS INC.

**MOTION SEQ. NO.** 004 006

Defendant.

**DECISION + ORDER ON
MOTION**

------------------------------------------------------------------------------X

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 105, 112, 119, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 157, 158, 159, 160, 161, 162, 163, 164, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203

were read on this motion to/for                   SUMMARY JUDGMENT(AFTER JOINDER                   .

In this personal injury case, plaintiff Moses Chandler ("Plaintiff") seeks summary

judgment on his negligence cause of action against defendants NBT Victory Development LLC

("NBT"), PLS Check Cashers of New York Inc., and PLS Check Cashing (collectively "PLS")

in Motion Sequence 004.  In Motion Sequence 006, PLS moves for summary judgment

dismissing Plaintiff's Verified Complaint or, in the alternative, summary judgment on its

crossclaims against NBT and dismissing NBT's crossclaims, and NBT cross-moves for summary

judgment on its crossclaims against PLS.  The motions are opposed and are consolidated herein

for disposition.  Motion Sequence 005, which sought to vacate the Note of Issue, was decided on

April 4, 2023.

161690/2019   CHANDLER, MOSES vs. NBT VICTORY DEVELOPMENT LLC
  Motion No.  004 006

Page 1 of 7

[* 1]

Plaintiff alleges that he was injured on November 2, 2018 while walking into a check cashing establishment operated by PLS at 3 East 125th Street in Manhattan ("the premises"). PLS was the commercial tenant of NBT, which owned the premises at the time. According to Plaintiff, he tripped as he was walking into the entrance and fell into the establishment. Plaintiff testified that he tripped on a defect outside of the door (NYSCEF Doc. No. 91, Plaintiff EBT at 19-22; NYSCEF Doc. No. 92, Plaintiff photographs).

The premises, which has since been demolished, was located on the northeast corner of 125th Street and 5th Avenue. A strip of faux granite pavers had been installed along the periphery of the building, including in front of the entrance into which Plaintiff fell. That entrance was recessed from the building line, and there was a concrete surface between the faux granite paver and the building's door (NYSCEF Doc. No. 92). That surface was slightly higher than the paver in front of it, and mortar had been placed in the gap between them to make a slope. The respective expert witnesses for Plaintiff, NBT, and PLS all concede there was a gap in this mortar which created a defect. The gap was 1.5 inches wide, .75 inches deep, and 15 inches long (NYSCEF Doc. No. 98, Plaintiff Expert Report; NYSCEF Doc. No. 99, NBT Expert Report; NYSCEF Doc. No. 125, PLS Expert Aff.). It is further conceded that Plaintiff tripped on this defect. While the parties do not dispute the existence of the defect, for purposes of assigning liability Plaintiff and PLS contend it was located on the sidewalk and NBT claims it was located on the premises.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make

**161690/2019 CHANDLER, MOSES vs. NBT VICTORY DEVELOPMENT LLC**
**Motion No. 004 006**

**Page 2 of 7**

2 of 7

[* 2]

such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). The Court must view the evidence "in a light most favorable" to the nonmoving party and accord the nonmovant "the benefit of every reasonable inference" (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]).

Administrative Code of the City of New York ("Administrative Code") § 7-210 imposes a nondelegable duty on property owners to maintain any sidewalk abutting their property in a reasonably safe condition. It provides:

> Notwithstanding any other provision of law, the owner of real property abutting any sidewalk . . . shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk.

(Administrative Code § 7-210[b]). The Court has defined "sidewalk" in this provision in accordance with the definition set forth in Administrative Code § 19-101: "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians" (*see Fernandez v Highbridge Realty Assoc.*, 49 AD3d 318 [1st Dept 2008]).

In support of Plaintiff's motion for summary judgment on his claims against NBT, the property owner, Plaintiff argues there is no dispute of fact that his accident was caused by a defect on the sidewalk in front of the premises and that NBT is liable in accordance with Administrative Code § 7-210. Plaintiff's expert stated: "It is my opinion with a reasonable degree of engineering certainty . . . the defect is located within the sidewalk . . . and is subject to the requirements related thereto. The basis of my opinion is that the defect occurred between the curb and the adjacent building line" (NYSCEF Doc. No. 98, at 27).

**161690/2019 CHANDLER, MOSES vs. NBT VICTORY DEVELOPMENT LLC**
**Motion No. 004 006**

**Page 3 of 7**

3 of 7

[* 3]

Likewise, in support of PLS's motion for summary judgment dismissing Plaintiff's claims against it, PLS annexes the report of its own expert, who stated:

> I conclude, to a reasonable degree of architectural certainty, that based on the physical conditions at the cast-in-place concrete public sidewalk/front apron/transition area, a significant defect and crack existed in front of [PLS] . . . . Structural concrete or sidewalk maintenance type repairs are typically not included as a tenant responsibility. The structural concrete repair of these defects was the responsibility of the Owner/Landlord of this Property to execute.

(NYSCEF Doc. No. 125, 8-9).

In opposition, NBT maintains the defect was located on the premises rather than the sidewalk, and therefore, as an out-of-possession landlord, it cannot be held liable. It submits a report of its own expert, who concludes:

> [T]he paved area at the front of the building along 125th Street is the sidewalk area. This sidewalk is relatively new and was installed long after the construction of the building. The irregular building line of the storefronts along 125th Street resulted in the installation of a concrete mortared joint to match the elevation of the concrete entry slab to the faux granite pavers at the border of the sidewalk. Thus, the entry itself is not part of the overall sidewalk, it is part of the building and as such, it is not subject to the New York City Administrative Code.

(NYSCEF Doc. No. 99, at 14).

Both Plaintiff and PLS fail to make a prima facie case in support of their motions. Neither party establishes whether or not the defect is located on the sidewalk as it is defined by the Administrative Code, i.e., the portion of the street between the curb and "the adjacent property lines." Plaintiff's expert relies on the building line, while PLS's expert bases his determination on the architectural and physical conditions in the relevant area. Neither submits any evidence as to the location of the property line. Even if the Court were to find that one or both had made a prima facie case, the conflicting expert reports of all three parties create a material issue of fact. Therefore, Plaintiff's motion as to its claims against NBT and PLS's motion as to Plaintiff's claims against it are both denied.

161690/2019   CHANDLER, MOSES vs. NBT VICTORY DEVELOPMENT LLC
Motion No.  004 006

Page 4 of 7

Plaintiff further moves for summary judgment on his negligence claim against PLS, arguing it breached its duty by failing to report the defective condition to NBT. He cites to testimony of PLS's employee, Carmen Reyes, who testified that the gap in the pavement would have been reported as a dangerous condition if it had been noticed (NYSCEF Doc. No. 96, Reyes EBT at 69). He further submits images from Google Maps Street View that purport to show that the defective condition existed as far back as May 2016, more than two years before the accident, to argue that PLS had constructive notice of the condition (NYSCEF Doc. No. 97).

This branch of the motion is denied as there is an issue as to whether the defect was located on the sidewalk or on the premises. If the defect was on the sidewalk, then PLS would be liable to Plaintiff only if it "(a) affirmatively caused or created the defect that caused [P]laintiff to trip, or (b) put the subject sidewalk to a 'special use' for its own benefit, thus assuming a responsibility to maintain the part used in a reasonably safe condition" (*Kellogg v All Sts. Hous. Dev. Fund Co., Inc.*, 146 AD3d 615, 617 [1st Dept 2017]). Plaintiff has not submitted any evidence that would support a prima facie case indicating that PLS created the defect or put the sidewalk to special use.

In addition to seeking summary judgment on Plaintiff's claims against it, which has been denied herein, PLS also moves for summary judgment on its crossclaims for common law indemnification and contribution against NBT and dismissing NBT's crossclaims against it. NBT cross-moves for summary judgment on its crossclaims against PLS for common law indemnification and contribution.

A party is entitled to common law indemnification where it shows "(1) that it has been held vicariously liable without proof of negligence or actual supervision on its part; and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control over the

161690/2019  CHANDLER, MOSES vs. NBT VICTORY DEVELOPMENT LLC
Motion No.  004 006

Page 5 of 7

[* 5]

injury-producing work" (*Naughton v City of New York*, 94 AD 3d 1, 11 [1st Dept 2012], citing *McCarthy v Turner Constr., Inc.*, 17 NY 3d 369, 377-378 [2011]). Here, neither party has been found vicariously liable for Plaintiff's injury and no showing of negligence has been made with respect to either. The Court therefore denies the branch of PLS's motion seeking summary judgment on its crossclaim for common law indemnification against NBT and denies NBT's cross-motion for summary judgment on its crossclaims for common law indemnification against PLS. Additionally, the Court grants the branch of PLS's motion seeking dismissal of NBT's common law indemnification crossclaim, as NBT can only be held directly liable in negligence.

Finally, the Court denies the branches of PLS's motion and NBT's cross-motion seeking summary judgment on their respective contribution claims. No determination has yet been made as to either party's negligence, if any (*see Shelton v Chelsea Piers, L.P.*, 214 AD3d 490, 491 [1st Dept 2023], citing *Godoy v Abamaster of Miami*, 302 AD2d 57, 61-62 [2d Dept 2003] ["Contribution is available where two or more tortfeasors combine to cause an injury and is determined in accordance with the relative culpability of each person"]).

Accordingly, it is hereby:

ORDERED that Plaintiff's motion for summary judgment (Motion Sequence 004) is denied; and it is further

ORDERED that the motion of defendants PLS Check Cashers of New York Inc. and PLS Check Cashing (Motion Sequence 006) is granted to the extent of dismissing defendant NBT Victory Development LLC's crossclaim for common law indemnification; and it is further

ORDERED that the remainder of defendants PLS Check Cashers of New York Inc. and PLS Check Cashing's motion for summary judgment (Motion Sequence 006) is denied; and it is further

161690/2019  CHANDLER, MOSES vs. NBT VICTORY DEVELOPMENT LLC
Motion No.  004 006

Page 6 of 7

6 of 7

ORDERED that the cross-motion of NBT Victory Development LLC's cross-motion for summary judgment (Motion Sequence 006) is denied.

This constitutes the Decision and Order of the Court.

2/22/2024

**DATE**

**LORI S. SATTLER, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161690/2019   CHANDLER, MOSES vs. NBT VICTORY DEVELOPMENT LLC**
**Motion No.  004 006**

**Page 7 of 7**

[* 7]