■ ANDREA BONIFACIO, Respondent, v EL PARAISO FOOD MARKET, INC., et al., Defendants, and 85-87 PITT STREET REALTY CORPORATION, Appellant. (And a Third-Party Action.) [970 NYS2d 269]—

In an action to recover damages for personal injuries, the defendant 85-87 Pitt Street Realty Corporation appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated April 26, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff allegedly was injured in February 2005 when she slipped and fell at or near the entryway of a store owned by the defendant 85-87 Pitt Street Realty Corporation (hereinafter Pitt Street Realty). She commenced this action against Pitt Street Realty and other entities. Pitt Street Realty moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds that it had not created the defect and that it was an out-of-possession landlord without control of the

premises and without any other duty to maintain or repair them. In opposition, the plaintiff contended, among other things, that the area where she fell was part of the public sidewalk and that Pitt Street Realty had a nondelegable duty to maintain the sidewalk under Administrative Code of the City of New York § 7-210.

The Supreme Court properly denied Pitt Street Realty's motion. There are triable issues of fact relating to, among other things, the precise location of the accident, and Pitt Street Realty's duty, if any, to the plaintiff (*cf. Lanhan v City of New York*, 69 AD3d 678, 678 [2010]). Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.