■ In the Matter of PETER COLLETTI, Appellant, v WILLIAM SCHIFF M.D., Respondent. [951 NYS2d 139]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered August 29, 2011, which granted defendant's motion for summary judgment dismissing the complaint, and bringing up for review, pursuant to CPLR 5517 (b), an order, same court and Justice, entered January 10, 2012, which denied plaintiff's motion to renew, unanimously affirmed, without costs.

The IAS court properly found that defendant, in this action for medical malpractice and lack of informed consent, established prima facie entitlement to summary judgment. Defendant demonstrated that he did not depart from good and accepted medical practice or that any such departure did not proximately cause plaintiff's alleged injuries (*see Roques v Noble*, 73 AD3d 204 [1st Dept 2010]; *Thurston v Interfaith Med. Ctr.*, 66 AD3d 999, 1001 [2d Dept 2009]).

Defendant submitted deposition testimony and medical records establishing that he informed plaintiff of the risks associated with the procedures, and plaintiff signed written consent forms indicating his understanding of those risks (*see* Public Health Law § 2805-d [1]; *Lynn G. v Hugo*, 96 NY2d 306, 309 [2001]). In addition, defendant submitted an affirmed report from an expert who reviewed the medical records and deposition testimony and opined that defendant adequately informed plaintiff of all risks and alternatives (*see Orphan v Pilnik*, 15 NY3d 907 [2010]).

The IAS court properly concluded that plaintiff failed to rebut defendant's prima facie showing with medical evidence attesting that defendant departed from accepted medical practice and that such departure was a proximate cause of the injuries alleged (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Plaintiff also did not challenge defendant's expert's showing on the lack of informed consent claim.

On renewal, plaintiff failed to offer reasonable justification for the submission of his expert's new affidavit, which was apparently "responsive to the portion of the motion court's prior order stating that defendant['s] medical evidence was unrefuted" (*see Jones v 170 E. 92nd St. Owners Corp.*, 69 AD3d 483, 483 [1st Dept 2010]). In any event, were we to accept plaintiff's new submission, we would find that the plaintiff's expert's conclusions as to malpractice and lack of informed consent were not supported by record evidence (*see Orphan*). In addition, plaintiff failed to tender expert testimony to prove the insufficiency of the information disclosed to the plaintiff (*see* CPLR 4401-a; *Orphan*, 15 NY3d at 908-909). Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.