Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered April 4, 2013, which denied the motion of defendants Renata Vanja Weber, M.D., The Montefiore Medical Center, Einstein Division, Moses Division and Weiler Division for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff, a 43-year-old woman with a 20-year history of rheumatoid arthritis that had resulted in deformed and painful hands, underwent a pyrocarbon joint implantation surgery on her right hand by defendant Renata Vanja Weber, M.D. Plaintiff alleges that Dr. Weber departed from the standard of care in determining that she was a good candidate for pyrocarbon joint implants, rather than silicone, and that Dr. Weber should have disclosed the opinion of a non-physician representative for the implant manufacturer that she “may not be the ideal candidate” for pyrocarbon implants because they require “good soft tissue support.”
Defendants met their burden of showing that Dr. Weber exercised her best judgment in choosing plaintiff as an appropri *409 ate candidate for pyrocarbon, rather than silicone, joint implants, due to her relatively young age, and good bone structure, as demonstrated on X rays (see Nestorowich v Ricotta, 97 NY2d 393, 398 [2002]). Defendants’ expert also opined that Dr. Weber obtained informed consent by discussing the risks, benefits and alternatives to surgery and providing written product information concerning pyrocarbon implants to plaintiff. That the surgery might fail was one of the risks imparted to plaintiff, and was not the fault of defendant Dr. Weber (see Lipsky v Bierman, 16 AD3d 319 [1st Dept 2005]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether Dr. Weber deviated from accepted medical practices in selecting plaintiff as a pyrocarbon joint implant candidate, rather than opting for a silicone implant. There was no support in the record for plaintiff’s expert’s conclusory opinion that plaintiff had “inadequate bone support” and that Dr. Weber thus departed from the standard of care. Nor was there anything in the medical records indicating that plaintiff had inadequate tissue support (see Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]).
Plaintiff also failed to rebut defendants’ showing that she was properly informed of the surgical procedure and the alternatives, as well as the reasonably foreseeable risks and benefits, by tendering expert testimony proving the insufficiency of the information Dr. Weber disclosed to her (see Matter of Colletti v Schiff 98 AD3d 887 [1st Dept 2012]).
There is no basis in the law for the dissent’s conclusion that Dr. Weber had a duty to disclose to plaintiff the email from the manufacturer’s representative in response to her general query. The dissent mistakenly equates that representative’s conclusory email with a product’s written manufacturer warning or a consulting doctor’s opinion.
Plaintiff testified that if she had read the materials that Dr. Weber actually provided to her, she would not have undergone the surgery at all. However, she did not testify that she would have made any different decision if Dr. Weber had disclosed the representative’s email. Moreover, plaintiff’s expert failed to controvert defendants’ expert opinion that there was no evidence to suggest that use of silicone implants would have improved plaintiff’s outcome (see Colletti, 98 AD3d at 888).
Concur—Tom, J.P, Moskowitz, Gische and Clark, JJ.