Poivan-Traub v Chaglassian (2020 NY Slip Op 06072)





Poivan-Traub v Chaglassian


2020 NY Slip Op 06072


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 805394/13 Appeal No. 12203 Case No. 2020-02342 

[*1]Joann Poivan-Traub, Plaintiff-Appellant,
v
Ted Chaglassian, M.D., et al., Defendants-Respondents, The New York Eye & Ear Infirmary, Defendant.


H. Bruce Fischer, P.C., Tappan (H. Bruce Fischer of counsel), for appellant.
Dwyer & Taglia, New York (Peter R. Taglia of counsel), for respondents.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 23, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The motion court correctly found that defendants made out their prima facie burden as movants, through the affirmation of their expert plastic surgeon (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Coronel v New York City Health & Hosps. Corp., 47 AD3d 456 [1st Dept 2008]). That proof of the expert's qualifications was not submitted in the moving papers was a technical defect that the motion court was within its discretion to permit defendants to correct on reply (see Stewart v Goldstein, 175 AD3d 1214 [1st Dept 2019]; Cabrera v New York Univ. Coll. of Dentistry, 25 Misc 3d 51 [App Term, 1st Dept 2009] ). The affidavit of plaintiff's expert, which was vague, conclusory, and in part contradicted by plaintiff's medical records, failed to create questions of fact such to rebut defendants' entitlement to summary judgment (see Alvarez, supra; Dasent v Schechter, 95 AD3d 693 [1st Dept 2012]; Ramirez v Columbia-Presbyterian Med. Ctr., 16 AD3d 238, 239 [1st Dept 2005). Plaintiff's allegation concerning failure to assess her mental health was neither pled, nor supported by the evidence (see Biondi v Behrman, 149 AD3d 562 [1st Dept], lv dismissed in part, denied in part 30 NY3d 1012 [2017]; Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]). Plaintiff's claim of lack of informed consent was also correctly dismissed (see Orphan v Pilnik, 66 AD3d 543 [2009], affd 15 NY3d 907 [2010]; Gardner v Wider, 32 AD3d 728 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020