Bamberg-Taylor v Strauch (2021 NY Slip Op 01227)





Bamberg-Taylor v Strauch


2021 NY Slip Op 01227


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 304386/08 Appeal No. 13240 Case No. 2020-04569 

[*1]Yvette Bamberg-Taylor, Plaintiff-Appellant, Donald Taylor, Plaintiff,
v
Berish Strauch, M.D., et al., Defendants-Respondents.


Peter H. Paretsky, PLLC, New York (Peter H. Paretsky of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about May 8, 2020, which, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants made a prima facie showing of entitlement to judgment as a matter of law in this medical malpractice action. Defendants submitted an affirmation from a medical expert establishing that the treatment provided to the injured plaintiff comported with good and accepted practice, that the nature and extent of the complications were known risks of the procedure, and that the scar on her abdomen, which the examining expert described as a laparoscopy scar, was unrelated to the surgery at issue (see Coronel v New York City Health & Hosps. Corp., 47 AD3d 456 [1st Dept 2008]). Defendants also made the necessary showing that informed consent was obtained by submitting the written consent form that plaintiff signed indicating her understanding of the possible risks of the procedure (see Public Health Law § 2805-d[1]; Lynn G. v Hugo, 96 NY2d 306, 309 [2001]; Matter of Colletti v Schiff, 98 AD3d 887 [1st Dept 2012]) along with corroborating medical records. Dr. Strauch's notations in plaintiff's medical records indicate that during his consultation with her they discussed her family history of keloid tendency, and the particular risks and benefits of, and alternatives to, the surgery. Plaintiff's argument that Dr. Strauch's deposition testimony regarding habit is inadmissible does not warrant a different result, because defendants did not need to rely on habit testimony to establish their prima facie case (see Guido v Fielding, 190 AD3d 49, 54 [1st Dept 2020]).
It was within the motion court's discretion to permit defendants to cure the technical defects in their expert's affirmation with an amended affirmation on reply that included the term "under penalty of perjury" (see Poivan-Traub v Chaglassian, 187 AD3d 653 [1st Dept 2020]; Stewart v Goldstein, 175 AD3d 1214 [1st Dept 2019]).
In opposition, plaintiff failed to raise a triable issue of fact. Notably, her expert did not claim that the results of the procedure were due to any deviation in accepted medical care, nor did he state that the surgery's results were outside the scope of expected complications, or that the abdominal scar was in any way related to the procedure. At her deposition, plaintiff identified the informed consent form and testified that she signed it, with no qualifications. Thus, plaintiff's affidavit containing a belated claim that the consent that she signed did not contain the description of possible risks and complications at the time she signed it, and that portion must have been added later, created only a feigned issue of fact insufficient to defeat defendants' motion (see Pinto v Selinger Ice Cream Corp., 47 AD3d 496 [1st Dept 2008]; Telfeyan v City of New York, 40 AD3d 372, 373 [1st Dept 2007]). Furthermore, since the expert's conclusions were based entirely [*2]upon plaintiff's tailored affidavit, the expert's affirmation also failed to raise a triable issue of fact (Feaster-Lewis v Rotenberg, 93 AD3d 421, 422 [1st Dept 2012], lv denied 19 NY3d 803 [2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021