Frey v Itzkowitz (2026 NY Slip Op 00973)

Frey v Itzkowitz

2026 NY Slip Op 00973

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Friedman, Chan, Hagler, JJ. 

Index No. 805014/18|Appeal No. 5897|Case No. 2025-03326|

[*1]Cindy Frey, etc., Plaintiff-Respondent,
vSteven Itzkowitz, et al., Defendants-Appellants.

Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Nicholas Tam of counsel), for appellants.
The Turkewitz Law Firm, New York (Eric Turkewitz of counsel), for respondents.

Order, Supreme Court, New York County (Kathy J. King, J.), entered April 2, 2025, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court correctly found that defendants made out a prima facie showing of entitlement to summary judgment through the expert affidavits of a gastroenterologist, infectious disease specialist, and critical care specialist, all of whom opined that the course of treatment of plaintiff's decedent's medical condition comported with good and appropriate standards of care and did not cause or contribute to the diagnosis of pneumonia or death (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Matter of Colletti v Schiff, 98 AD3d 887, 888 [1st Dept 2012]). While the affirmations did not employ the verbiage of CPLR 2106, this issue is unpreserved because plaintiff did not raise this issue until oral argument, depriving defendants of the opportunity to cure the defect (see Poivan-Traub v Chaglassian, 187 AD3d 653, 653 [1st Dept 2020]; Stewart v Goldstein, 175 AD3d 1214, 1215 [1st Dept 2019]).
The court was also correct in finding that plaintiff's expert raised questions of fact that are for a jury to decide (see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Cregan v Sachs, 65 AD3d 101, 108-109 [1st Dept 2009]). Specifically, plaintiff's expert gastroenterologist opined that the course of treatment was not within the standard of care and departed from good and acceptable medical practice because defendants failed to order an immediate colectomy and failed to inform decedent of the risks and alternatives of continuing the medication as opposed to doing the colectomy. The affirmation detailed, based on medical records, why that care was a deviation and opined that the failure to perform immediate surgery deprived decedent of a chance at recovery. Defendants' argument that plaintiff's expert is not qualified to opine that surgery should have been performed is unpersuasive. The expert is a gastroenterologist opining on the treatment of defendant gastroenterologist, not on any particular surgical technique (see Johnson v Harlem Hosp., 238 AD3d 412, 413 [1st Dept 2025]).
Furthermore, defendants are correct that the court mistakenly stated, during oral argument, that plaintiff had a lack of informed consent cause of action, however, this mistake does not warrant reversal because the allegations being discussed were nevertheless valid in connection with plaintiff's medical malpractice cause of action. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026