■ DIANA P. GOLAN et al., Appellants, v LONG ISLAND JEWISH MEDICAL CENTER et al., Respondents. [776 NYS2d 85]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Spires, J.), dated December 16, 2002, which denied their motion to restore the action to "active status," and (2), as limited by their brief, from so much of an order of the same court dated April 23, 2003, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated December 16, 2002, is dismissed, as that order was superseded by the order dated April 23, 2003, made upon reargument; and it is further,

Ordered that the order dated April 23, 2003, is reversed insofar as appealed from, on the law, the order dated December 16, 2002, is vacated, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The Supreme Court erred in denying the plaintiffs' motion to restore the action to "active status." CPLR 3404 is inapplicable to pre-note of issue cases such as this one (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001]). Further, no 90-day notice was served upon the plaintiffs permitting dismissal pursuant to CPLR 3216, nor did any order issue dismissing the complaint due to a default in appearing at a duly-scheduled status conference pursuant to 22 NYCRR 202.27 (*see Torres v Nu-Way Mach. Corp. Co.*, 296 AD2d 545 [2002]). Accordingly, there was no basis to deny the plaintiffs' motion (*see Johnson v Brooklyn Hosp. Ctr.*, 295 AD2d 567 [2002]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.