■ Joseph Casavecchia Sr., Respondent, v William W. Mizrahi et al., Appellants. [877 NYS2d 906]—

In an action, inter alia, for a judgment declaring that the plaintiff has the exclusive right to manage the construction of a real estate project to be developed by the defendant Casa Mason Corp., and for rescission of a sale of shares of stock of the defendant Casa Mason Corp. to the defendant Chitoor Govindaraj, the defendants appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered July 2, 2008, which

granted the plaintiff's motion to "restore" the action to the active calendar.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the plaintiff's motion to "restore" this action to the active calendar after it had been marked "disposed," given that CPLR 3404 does not apply to this pre-note of issue action (*see Lopez v Imperial Delivery Serv.,* 282 AD2d 190 [2001]), there was no 90-day notice pursuant to CPLR 3216, and there was no order dismissing the complaint pursuant to 22 NYCRR 202.27 (*see Burdick v Marcus,* 17 AD3d 388 [2005]; *123X Corp. v McKenzie,* 7 AD3d 769 [2004]; *Golan v Long Is. Jewish Med. Ctr.,* 7 AD3d 489, 490 [2004]; *Lucious v Rutland Nursing Home of Kingsbrook Jewish Med. Ctr.,* 2 AD3d 412 [2003]). Skelos, J.P., Florio, Balkin and Belen, JJ., concur.