■ CHRIS LANHAN, Respondent, v CITY OF NEW YORK et al., Respondents, and COYLE PROPERTIES, INC., Appellant. [893 NYS2d 183]—

The plaintiff allegedly was injured when he stepped into a hole in a curb and/or a sidewalk, abutting the business property of the defendant Coyle Properties, Inc. (hereinafter Coyle). The plaintiff alleged, in his notice of claim and bill of particulars, that the defective condition which caused his fall was located on a "sidewalk/curb." Coyle moved for summary judgment on the ground that the defect was on the curb, and not on the sidewalk.

Administrative Code of the City of New York § 7-210 (a) states that "[i]t shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition."

Coyle failed to make a prima facie showing of entitlement to summary judgment dismissing the complaint and cross claims insofar as asserted against it, as it offered no evidence to demonstrate that the defect which allegedly caused the plaintiff's fall was located exclusively on the curb, rather than on the sidewalk abutting his property (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Coyle's reference to the plaintiff's deposition testimony in which he occasionally used the word "curb" to describe where he fell cannot serve to negate his testimony that the location was the "sidewalk/curb." Accordingly, the Supreme Court properly denied Coyle's motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.