■ OLSEN ALLEYNE, Respondent, v CITY OF NEW YORK et al., Respondents, and ARCH DINER et al., Appellants. [933 NYS2d 348]—

After alighting from a bus, the plaintiff allegedly was injured when he stepped into a hole in the curb abutting certain real property owned by the defendants Arch Diner, John Livanos, and Kanoni, Inc. (hereinafter collectively the diner defendants). The plaintiff commenced this action to recover damages for personal injuries against the diner defendants, the City of New York, and the New York City Transit Authority.

The diner defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, inter alia, on the ground that the defect was on the curb,

and not on the sidewalk. The Supreme Court denied the motion, determining that a triable issue of fact existed as to whether the defect was located adjacent to a driveway in which the diner defendants enjoyed a special use. We affirm.

The common law provides that "[g]enerally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *see Farrell v City of New York*, 67 AD3d 859 [2009]; *Falchook v J & M Kingsley, Ltd.*, 67 AD3d 632 [2009]; *Smirnova v City of New York*, 64 AD3d 641 [2009]; *Williams v Azeem*, 62 AD3d 988 [2009]). However, an abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty (*see Petrillo v Town of Hempstead*, 85 AD3d 996, 997 [2011]; *Farrell v City of New York*, 67 AD3d at 860-861; *Falchook v J & M Kingsley, Ltd.*, 67 AD3d at 633; *Smirnova v City of New York*, 64 AD3d at 641-642).

Section 7-210 (a) of the Administrative Code of the City of New York (hereinafter section 7-210) states that "[i]t shall be the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." " '[L]egislative enactments in derogation of common law, . . . especially those creating liability where none previously existed,' must be strictly construed" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008], quoting *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200, 206 [2004] [internal quotation marks omitted]; *see Harakidas v City of New York*, 86 AD3d 624, 627 [2011]; McKinney's Cons Laws of NY, Book 1, Statutes § 301 [c]). Given that section 19-101 (d) of the Administrative Code of the City of New York excludes the term "curb" from the definition of a "sidewalk," section 7-210 does not shift liability to abutting property owners from the City of New York with respect to a defective condition existing on a curb (*see Ascencio v New York City Hous. Auth.*, 77 AD3d 592, 593 [2010]; *Garris v City of New York*, 65 AD3d 953 [2009]; *see e.g. Lanhan v City of New York*, 69 AD3d 678, 679 [2010]).

Nevertheless, the diner defendants failed to establish, prima facie, that they did not cause the defect to occur because of a special use (*see generally Kaufman v Silver*, 90 NY2d 204, 207 [1997]). Specifically, the evidence submitted on the motion

included a photograph of the site of the plaintiff's accident, which showed that the alleged defect appeared at the edge of a curb cut adjacent to a parking area utilized by the diner defendants. "Whether an entity is liable for creating a defect as a special user is generally a question for the jury" (*Posner v New York City Tr. Auth.*, 27 AD3d 542, 544 [2006]). Here, the Supreme Court properly determined that a triable issue of fact exists as to whether the diner defendants derived a special benefit from the location of the defect which was unrelated to the public use and which contributed to the defect. Since the diner defendants failed to meet their prima facie burden, we need not review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the diner defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.