Lilya Stoloyvitskaya, Appellant, v Dennis Boardwalk, LLC, Respondent, et al., Defendant. [956 NYS2d 525]—

The plaintiff was walking along the Coney Island boardwalk when she allegedly tripped and fell over a defective condition in the boardwalk, sustaining injuries. At the location of the accident, premises owned by the defendant Dennis Boardwalk, LLC (hereinafter Dennis), were on one side of the boardwalk, and the beach was on the other side of the boardwalk. The plaintiff commenced this action against Dennis and the defendant City of New York. Dennis cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it had no duty to maintain the boardwalk abutting its premises since it was not a sidewalk within the meaning of Administrative Code of the City of New York § 7-210.

"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]). "[T]he language of section 7-210 mirrors the duties and obligations of property owners with regard to sidewalks set forth in Administrative Code sections 19-152 and 16-123" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 521 [internal quotation marks omitted]; *see Harakidas v City of New York*, 86 AD3d 624, 626 [2011]). Although section 7-210 of the Administrative Code does not define the term "sidewalk," section 19-101 (d) of the Administrative Code describes a sidewalk as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians." The boardwalk at issue did not abut a roadway, and Dennis established, prima facie, that the subject boardwalk was not a sidewalk within the meaning of section 7-210 of the Administrative Code.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Camacho v City of New York*, 96 AD3d 795, 796 [2012]; *Rodriguez v Themelion Realty Corp.*, 94 AD3d 733, 733 [2012]; *Moreno v Shanker*, 93 AD3d 829 [2012]). Accordingly, the Supreme Court properly granted that branch of Dennis's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiffs' remaining contentions are improperly raised for the first time on appeal. Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.