■ Mario Buonviaggio, Respondent, v Parkside Associates, L.P., et al., Appellants. [990 NYS2d 595]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated June 25, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

At approximately 4:00 p.m. on December 22, 2010, the plaintiff allegedly was injured when he tripped and fell on or around the sidewalk located adjacent to the premises owned by the defendant Parkside Associates, L.P., known as Parkside Senior Apartments in Staten Island.

"Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land" (*James v Blackmon*, 58 AD3d 808, 808 [2009]; *see Crawford v City of New York*, 98 AD3d 935 [2012]; *Smirnova v City of New York*, 64 AD3d 641 [2009]). The exceptions to this rule are when the landowner actually created the dangerous condition, made negligent repairs that caused the condition, created the dangerous condition through a special use of the sidewalk, or violated a statute or ordinance imposing liability on the abutting landowner for failing to maintain the sidewalk (*see Crawford v City of New York*, 98 AD3d at 936; *Smirnova v City of New York*, 64 AD3d at 641-642; *James v Blackmon*, 58 AD3d at 808).

"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *Stoloyvitskaya v Dennis Boardwalk, LLC*, 101 AD3d 1106 [2012]; *Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]). "[T]he language of section 7-210 mirrors the duties and obligations of property owners with regard to sidewalks set forth in Administrative Code sections 19-152 and 16-123" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 521 [internal quotation marks omitted]; *see Stoloyvitskaya v Dennis Boardwalk, LLC*, 101 AD3d at 1107; *Harakidas v City of New York*, 86 AD3d 624, 626 [2011]). Although section 7-210 of the Administrative Code does not define the term "sidewalk," section 19-101 (d) of the Administrative Code describes a sidewalk as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians" (*Stoloyvitskaya v Dennis Boardwalk, LLC*, 101 AD3d at 1107).

Contrary to the Supreme Court's determination, the defendants' motion was not premature. However, we affirm the order appealed from on a different ground. The defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, as they offered no evidence to demonstrate that the alleged defective or dangerous condition which allegedly

caused the plaintiff to fall was located exclusively on the curb, rather than on the sidewalk abutting their property (*see Lanhan v City of New York*, 69 AD3d 678 [2010]; *see also Vigil v City of New York*, 110 AD3d 986 [2013]; *Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921 [2012]). Since the defendants failed to meet their prima facie burden, we need not address the sufficiency of the plaintiff's papers submitted in opposition thereto (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions concerning the applicability of, inter alia, 34 RCNY 2-07 (b), are not properly before this Court (*see Chia v City of New York*, 109 AD3d 865 [2013]; *Tobias v DiFazio Elec.*, 288 AD2d 209 [2001]).

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.