■ JEAN A. METZKER, Respondent, v CITY OF NEW YORK, Respondent, and JOHN SCIOLI, Appellant, et al., Defendants. [31 NYS3d 175]—

In an action to recover damages for personal injuries, the defendant John Scioli appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated July 10, 2015, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On September 2, 2010, at about 8:00 a.m., the plaintiff allegedly tripped and fell on a cable on a sidewalk abutting a mixed use building in Brooklyn owned by the defendant John Scioli. One end of the cable emanated from and was still attached to the curb. The plaintiff subsequently commenced this action against Scioli and others. Scioli moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, contending, inter alia, that he had no duty to remedy the condition that caused the plaintiff to fall. The Supreme Court denied the motion.

"Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land" (*James v Blackmon*, 58 AD3d 808, 808 [2009]). However, liability may be imposed on the abutting landowner when the abutting landowner affirmatively created the dangerous condition, made negligent repairs that caused the condition, created the dangerous condition through a special use of the sidewalk, or violated a statute or ordinance imposing liability on the abutting landowner for failing to maintain the sidewalk (*see Crawford v City of New York*, 98 AD3d 935, 936 [2012]; *Romano v Leger*, 72 AD3d 1059 [2010]; *Farrell v City of New York*, 67 AD3d 859, 860-861 [2009]).

"Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (*Pevzner v 1397 E. 2nd, LLC*, 96 AD3d 921, 922 [2012]; *see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *Stoloyvitskaya v Dennis Boardwalk, LLC*, 101 AD3d 1106 [2012]; *Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]). "[T]he language of section 7-210 mirrors the duties and obligations of property owners with regard to sidewalks set forth in Administrative Code sections 19-152 and 16-123" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 521 [internal quotation marks omitted]; *see Stoloyvitskaya v Dennis Boardwalk, LLC*, 101 AD3d at 1107; *Harakidas v City of New York*, 86 AD3d 624, 626 [2011]).

Administrative Code § 7-210 (a) states that "[i]t shall be the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk in an reasonably safe condition." Administrative Code § 7-210 (b) states that "[f]ailure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to . . . the negligent failure to

remove snow, ice, dirt or other material from the sidewalk" (*see Weinberg v 2345 Ocean Assoc., LLC*, 108 AD3d 524, 524-525 [2013]).

Here, Scioli failed to establish, prima facie, that he owed no duty of care to the plaintiff pursuant to Administrative Code § 7-210. Although Scioli had no duty to maintain the curb (*see* Administrative Code §§ 7-210, 19-101 [d]; *Buonviaggio v Parkside Assoc., L.P.*, 120 AD3d 460, 461-462 [2014]; *Alleyne v City of New York*, 89 AD3d 970, 971 [2011]), he had a duty to maintain the sidewalk abutting his mixed use property (*see* Administrative Code § 7-210). The portion of the cable/rebar that allegedly caused the plaintiff to fall was located on the sidewalk. Under the circumstances, Scioli failed to establish, prima facie, that the alleged hazardous condition that caused the plaintiff to fall was exclusively on the curb and that he had no duty to remedy the alleged hazardous condition which was on the sidewalk (*see generally Sangaray v West Riv. Assoc., LLC*, 26 NY3d 793 [2016]; *Alexander v City of New York*, 118 AD3d 646, 647 [2014]; *Vigil v City of New York*, 110 AD3d 986, 987 [2013]; *Fusco v City of New York*, 71 AD3d 1083, 1084 [2010]; *Lanhan v City of New York*, 69 AD3d 678, 679 [2010]).

Accordingly, the Supreme Court properly denied Scioli's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.