Finamore v David Ullman, P.C. (2020 NY Slip Op 00105)





Finamore v David Ullman, P.C.


2020 NY Slip Op 00105


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-06263
2019-14205
 (Index No. 502021/13)

[*1]Sandro Finamore, etc., appellant,
v
David Ullman, P.C., et al., respondents.


Napoli Shkolnik PLLC, New York, NY (Joseph Napoli and Kristina M. Georgio of counsel), for appellant.
David Ullman, P.C., Westbury, NY (David Ullman pro se and Ezra Huber of counsel), respondent pro se.
In an action to recover damages for legal malpractice, the plaintiff, Sandro Finamore, in his capacity as executor of the estate of Ione Finamore, deceased, appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated April 20, 2017. The order granted the defendants' motion (1) pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated January 25, 2017, granting the plaintiff's unopposed motion for leave to amend the caption and to restore the action to the calendar, and thereupon to deny the plaintiff's motion, and (2) to dismiss the complaint, and denied the plaintiff's cross motion for summary judgment on the issue of liability. The appeal brings up for review so much of an order of the same court dated November 16, 2017, as, upon reargument, adhered to the determination in the order dated April 20, 2017 (see CPLR 5517[b]).



DECISION & ORDER
Motion by the respondents to dismiss the appeal from the order dated April 20, 2017, insofar as taken by the plaintiff in his capacity as executor of the estate of Iole Finamore, deceased, on the ground that it has been superseded by the order dated November 16, 2017. By decision and order on motion of this Court dated February 21, 2019, that branch of the respondents' motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order dated April 20, 2017, insofar as taken by the plaintiff in his capacity as executor of the estate of Iole Finamore, deceased, is granted; and it is further,
ORDERED that the appeal from the order dated April 20, 2017, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated November 16, 2017, is modified, on the law and in [*2]the exercise of discretion, by deleting the provision thereof, upon reargument, adhering to so much of the determination in the order dated April 20, 2017, as granted the defendants' motion pursuant to CPLR 5015(a)(1) to vacate the order dated January 25, 2017, granting the plaintiff's unopposed motion for leave to amend the caption and to restore the action to the calendar, and thereupon to deny the plaintiff's motion, and to dismiss the complaint, and substituting therefor a provision, upon reargument, vacating that portion of the determination in the order dated April 20, 2017, and, thereupon, denying the defendants' motion; as so modified, the order dated November 16, 2017, is affirmed insofar as reviewed, without costs or disbursements, the order dated January 25, 2017, is reinstated, and the order dated April 20, 2017, is modified accordingly.
In 2013, the plaintiff, Sandro Finamore, commenced this action to recover damages for legal malpractice. The complaint stated that the plaintiff was commencing this action, inter alia, on behalf of his mother, Iole Finnamore, as her "administrator," even though the plaintiff's mother was, at that time, still alive. The plaintiff thereafter moved for leave to serve an amended complaint to assert that he was suing on behalf of his mother as her attorney-in-fact, pursuant to a durable power of attorney executed in 2008. That relief was granted by order dated May 12, 2015. However, the plaintiff's mother died on May 4, 2015, prior to the issuance of that order. On November 6, 2015, the case was marked off the calendar.
After he was appointed administrator of his mother's estate, the plaintiff moved for leave to amend the caption to reflect that he was suing in that capacity, and to restore the action to the pretrial calendar. In an order dated January 25, 2017, the Supreme Court granted the plaintiff's motion upon the defendants' default in opposing the motion. In February 2017, the defendants moved to vacate the order dated January 25, 2017, and to dismiss the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. In an order dated April 20, 2017, the court granted the defendants' motion and denied the plaintiff's cross motion. In a subsequent order, dated November 16, 2017, the court, upon reargument, adhered to that determination. The plaintiff appeals.
A party moving pursuant to CPLR 5015(a)(1) to vacate a default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 859-860; Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 615). Here, the Supreme Court providently exercised its discretion in accepting the defendants' excuse for their default in opposing the motion, since the excuse was supported by a detailed and credible explanation of the default at issue (see CPLR 2005; Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013; Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915). However, the defendants failed to proffer a potentially meritorious opposition to the motion.
The defendants contend that the action was marked off the calendar on November 6, 2015, for failure to file a note of issue. However, the record does not contain a 90-day notice demanding the filing of a note of issue, and the defendants acknowledge in their brief on appeal that discovery has yet to be completed. The defendants also contend that the action was subject to dismissal pursuant to CPLR 3404. However, if no note of issue was filed, the action could not have been on the trial calendar, and CPLR 3404 would not apply (see Kapnisakis v Woo, 114 AD3d 729).
The defendants further contend that the plaintiff lacked the capacity to make the prior motion, and that the statute of limitations to commence an action as an estate representative expired before the plaintiff made the prior motion (see CPLR 210[a]). However, the plaintiff had the capacity to commence this action on his mother's behalf as her attorney-in-fact pursuant to the power of attorney (see Benishai v Epstein, 116 AD3d 726, 726). The statute of limitations does not bar the action, provided that the plaintiff actually had the capacity to sue prior to the expiration of the statute of limitations (see Vastola v Maer, 39 NY2d 1019, 1021; Van der Stegen v Neuss, Hesslein & Co., 270 NY 55, 62-63; cf. Goldberg v Camp Mikan-Recro, 42 NY2d 1029, 1029-1030). Upon his mother's death, the plaintiff correctly sought substitution of himself in his capacity as administrator of her estate (see CPLR 1021).
Accordingly, the defendants' arguments in opposition to the plaintiff's prior motion which was granted in the order dated January 25, 2017, were without merit, and the Supreme Court should have denied the defendants' motion to vacate that order, which was entered upon their default in opposing the prior motion.
However, we agree with the Supreme Court's denial of the plaintiff's cross motion for summary judgment on the issue of liability. The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability (see 762 Westchester Ave. Realty, LLC v Mavrelis, 167 AD3d 684, 685; Zaidman v Marcel Weisman, LLC, 106 AD3d 813, 814). Although the plaintiff provided an affidavit of an expert, the expert had no knowledge of the advice given by the defendants, the timeline, the information given the defendants regarding certain assets and transfers, the legal documents drafted, or the consultations between the parties. Further, the plaintiff failed to provide any documentation regarding an alleged denial of Medicaid benefits. Accordingly, we agree with the denial of the plaintiff's cross motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court