Pawoor Kim v Xin Chen (2020 NY Slip Op 07390)





Pawoor Kim v Xin Chen


2020 NY Slip Op 07390


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-09055
 (Index No. 13760/15)

[*1]Pawoor Kim, appellant, 
v
Xin Chen, respondent.


Sacco & Fillas, LLP, Astoria, NY (U. William Sung of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered April 25, 2019. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered August 24, 2017, granting the defendant's unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order entered April 25, 2019, is affirmed, with costs.
On November 17, 2015, the plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. By notice of motion dated April 27, 2017, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered August 24, 2017, the Supreme Court granted the defendant's unopposed motion for summary judgment dismissing the complaint. Subsequently, by notice of motion dated August 31, 2018, the plaintiff moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the order entered August 24, 2017. In an order entered April 25, 2019, the court denied the plaintiff's motion. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Finamore v David Ullman, P.C., 179 AD3d 642, 643-644; Ki Tae Kim v Bishop, 156 AD3d 776, 777). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d at 777 [citation omitted]). At the same time, "mere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to present a reasonable excuse for his default. Although the plaintiff may have provided a reasonable excuse for his initial default based upon his counsel's short delay in filing opposition papers due to a calendaring error (see CPLR 2005; People's United Bank v Latini Tuxedo [*2]Mgt., LLC, 95 AD3d 1285, 1286; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392), the plaintiff failed to provide a reasonable excuse for the approximately one-year delay in moving to vacate the default (see JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049; CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989, 990; Ortega v Bisogno & Meyerson, 38 AD3d 510, 511). As the plaintiff failed to establish a reasonable excuse for his default, it is unnecessary to determine whether he established a potentially meritorious opposition to the defendant's motion for summary judgment (see Seaman v New York Univ., 175 AD3d 1578, 1579).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the order entered August 24, 2017, granting the defendant's unopposed motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court