Santiago v City of New York (2022 NY Slip Op 04041)

Santiago v City of New York

2022 NY Slip Op 04041

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-02138
 (Index No. 3913/14)

[*1]Joyceleen Santiago, et al., appellants, 
v
City of New York, et al., respondents, et al., defendants.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Greg Freedman], of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Kate Fletcher of counsel), for respondents.
Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for defendants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated June 7, 2019. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 5015(a)(1) to vacate so much of a prior order of the same court dated June 10, 2016, as, upon the plaintiffs' default in appearing for oral argument, denied those branches of the plaintiffs' prior motion which were to restore this action, insofar as asserted against the defendants City of New York, City of New York Fire Department, and Kyle Wigglesworth, to active status and to consolidate it with an action entitled Santiago v Wigglesworth, pending in the Supreme Court, Kings County, under Index No. 9952/15, and, thereupon, to grant those branches of the plaintiffs' prior motion.
ORDERED that the order dated June 7, 2019, is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, that branch of the plaintiffs' motion which was pursuant to CPLR 5015(a)(1) to vacate so much of the order dated June 10, 2016, as denied those branches of the plaintiffs' prior motion which were to restore this action, insofar as asserted against the defendants City of New York, City of New York Fire Department, and Kyle Wigglesworth, to active status and to consolidate it with an action entitled Santiago v Wigglesworth, pending in the Supreme Court, Kings County, under Index No. 9952/15, is granted, and, thereupon, those branches of the plaintiffs' prior motion which were to restore this action, insofar as asserted against the defendants City of New York, City of New York Fire Department, and Kyle Wigglesworth, to active status and to consolidate it with an action entitled Santiago v Wigglesworth, pending in the Supreme Court, Kings County, under Index No. 9952/15, are granted.
In March 2014, the plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. After the plaintiffs failed to appear for a preliminary conference in August 2014, the action was marked "disposed," but no order directing dismissal of the complaint was entered. In April 2016, the plaintiffs moved to restore the action to active status and to consolidate it with an action entitled Santiago v Wigglesworth, pending [*2]in the Supreme Court, Kings County, under Index No. 9952/15, involving the same accident. The defendants did not oppose the motion. By order dated June 10, 2016, the Supreme Court denied the plaintiffs' motion upon their default in appearing for oral argument. However, that order was not entered until May 23, 2018.
The plaintiffs then moved pursuant to CPLR 5015(a)(1) to vacate the order dated June 10, 2016, and, thereupon, to grant their prior motion. By order dated June 7, 2019, the Supreme Court denied their motion. The plaintiffs appeal from so much of the order dated June 7, 2019, as relates to the defendants City of New York, City of New York Fire Department, and Kyle Wigglesworth (hereinafter collectively the City defendants).
A party seeking to vacate a default in appearing on the return date of a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious motion or opposition to the motion (see CPLR 5015[a][1]; Pawoor Kim v Xin Chen, 189 AD3d 1061, 1062; Finamore v David Ullman, P.C., 179 AD3d 642, 643). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue" (Pawoor Kim v Xin Chen, 189 AD3d at 1062 [internal quotation marks omitted]).
Here, the Supreme Court improvidently exercised its discretion in denying the subject branch of the plaintiffs' motion. The plaintiffs' detailed and credible excuse of law office failure adequately explained their default in appearing, and their excuse that they were unable to move to vacate their default until the order dated June 10, 2016, was entered adequately explained their delay in moving to vacate (see Finamore v David Ullman, P.C., 179 AD3d at 643; Government Empls. Ins. Co. v Avenue C Med., P.C., 166 AD3d 857).
Moreover, the plaintiffs established that, with respect to the City defendants, their unopposed motion to restore the action to the active calendar and to consolidate was meritorious. The Supreme Court should have "restored" the action to the active calendar after it had been marked "disposed," given that CPLR 3404 does not apply to this pre-note of issue action (see Lopez v Imperial Delivery Serv., 282 AD2d 190), there was no 90-day notice pursuant to CPLR 3216, and there was no order directing dismissal of the complaint pursuant to 22 NYCRR 202.27 (see WM Specialty Mtge., LLC v Palazzollo, 145 AD3d 714; Casavecchia v Mizrahi, 62 AD3d 741).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 5015(a)(1) to vacate so much of the order dated June 10, 2016, as denied those branches of their prior motion which were to restore this action, insofar as asserted against the City defendants, to active status and to consolidate it with an action entitled Santiago v Wigglesworth, pending in the Supreme Court, Kings County, under Index No. 9952/15, and, thereupon, to grant those branches of the plaintiffs' prior motion.
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court