Sprinceana v City of New York (2023 NY Slip Op 03492)

Sprinceana v City of New York

2023 NY Slip Op 03492

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-00555
 (Index No. 707793/18)

[*1]Cristina Sprinceana, plaintiff-appellant, 
v
City of New York, defendant-appellant, Jerry Chrisafis, et al., respondents.

Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith of counsel), for plaintiff-appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Daniel Matza-Brown of counsel), for defendant-appellant.
Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff and the defendant City of New York separately appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated December 15, 2020. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendants Jerry Chrisafis and Esther Chrisafis which was for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendant City of New York, granted that branch of the motion of the defendants Jerry Chrisafis and Esther Chrisafis which was for summary judgment dismissing all cross-claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendants Jerry Chrisafis and Esther Chrisafis for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is denied.
In July 2017, the plaintiff allegedly tripped and fell on a defect in the sidewalk abutting a parcel of real property located in Queens. The plaintiff subsequently commenced this action to recover damages for personal injuries allegedly sustained in connection with her accident against the defendants Jerry Chrisafis and Esther Chrisafis (hereinafter together the Chrisafis defendants), who are the owners of the premises abutting the accident site, as well as the defendant City of New York.
After discovery was completed, the Chrisafis defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff and the City now separately appeal.
"A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of [*2]credibility" (Ruiz v Griffin, 71 AD3d 1112, 1115 [internal quotation marks omitted]; see Baab v HP, Inc., 211 AD3d 783, 783; Abdenbi v Walgreen Co., 197 AD3d 1140, 1140). Section 7-210(a) of the Administrative Code of the City of New York states that "[i]t shall be the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition" (see Alleyne v City of New York, 89 AD3d 970, 971). However, "section 7-210 does not shift liability to abutting property owners from the City of New York with respect to a defective condition existing on a curb" (Alleyne v City of New York, 89 AD3d at 971; see Administrative Code of City of NY §§ 7-210, 19-101[d]; Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521).
Here, in support of their motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, the Chrisafis defendants submitted, inter alia, a transcript of the plaintiff's deposition testimony. At her deposition, the plaintiff testified that she tripped and fell due to a defect in the sidewalk abutting the Chrisafis defendants' premises. The Chrisafis defendants also submitted a copy of a prehospital care report summary (hereinafter the report) prepared by an emergency medical technician (hereinafter the EMT) employed by the New York City Fire Department who responded to the scene of the plaintiff's accident and assessed the plaintiff on-scene. The "narrative history" section of the report, which was certified as a business record (see CPLR 4518[a]; see generally Yassin v Blackman, 188 AD3d 62), stated that when assessed by the EMT on-scene about the accident, the plaintiff stated that she "fell getting off the bus," and also stated that "I was getting off the bus, and I tripped on the curb." The Chrisafis defendants also submitted a transcript of the deposition testimony of the EMT, who testified that these statements were exactly what the plaintiff told her while she was assessing the plaintiff on-scene.
Since the evidence submitted by the Chrisafis defendants failed to eliminate triable issues of fact as to whether the plaintiff tripped and fell on the curb, or on a defect in the sidewalk abutting the premises owned by the Chrisafis defendants, the Chrisafis defendants failed to establish, prima facie, that they were not liable for the plaintiff's accident (see Gelstein v City of New York, 153 AD3d 604, 605; Lanhan v City of New York, 69 AD3d 678).
Accordingly, the Supreme Court should have denied the motion of the Chrisafis defendants for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, without consideration of the sufficiency of the papers submitted in opposition by the plaintiff and the City (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court