Figueroa v City of New York (2023 NY Slip Op 06083)

Figueroa v City of New York

2023 NY Slip Op 06083

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Index No. 156837/18 Appeal No. 1119 Case No. 2023-00045 

[*1]Elsa Figueroa, Plaintiff-Respondent,
v
City of New York et al., Defendants, Bo Bo Realty Corp., Defendant-Appellant.

Wade Clark Mulcahy LLP, New York (Gabriella Scarmato of counsel), for appellant.
Mirman Markovits & Landau, P.C., New York (David Y. Weissman of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about December 8, 2022, which denied defendant Bo Bo Realty Corp.'s motion for summary judgment dismissing all claims and cross-claims against it, unanimously affirmed, without costs.
In this personal injury action, plaintiff alleges that as she was walking on the sidewalk abutting defendant's property, she tripped and fell on a protruding piece of metal. According to plaintiff, she took a few steps on the sidewalk before she fell.
Defendant failed to make a prima facie showing of entitlement to summary judgment because it failed to offer evidence establishing as a matter of law that the alleged defect was located exclusively on the curb and not the sidewalk, the latter of which defendant has a duty to maintain (Administrative Code of City of NY §§ 7-210[a], [b], 19-101[d]; see Ascensio v New York City Hous. Auth., 77 AD3d 592, 593 [1st Dept 2010]) Plaintiff consistently testified that she tripped and fell on the sidewalk; she never testified that she tripped on the curb, nor did the photographic evidence on which she marked the area where she fell make clear that the area where she tripped was on the curb rather than the sidewalk (see Lanhan v City of New York, 69 AD3d 678, 679 [2d Dept 2010]).
Furthermore, even assuming that the photographs sufficiently established that the protruding metal was situated exclusively along the curb and not on the sidewalk, plaintiff's testimony that the metal protruded from a worn part of the sidewalk raises a question of fact as to whether plaintiff's fall was caused by a combination of the metal on the curb and a defect in the sidewalk (see Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 799-800 [2016]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023