Adams v Frankel (2025 NY Slip Op 00939)

Adams v Frankel

2025 NY Slip Op 00939

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-00961
 (Index No. 519397/16)

[*1]Kenyatti Adams, appellant, 
v
Elliott Frankel, et al., respondents, et al., defendants.

Mueller Law Firm P.C., New York, NY (Michael Todd Mueller of counsel), for appellant.
Law Office of Samuel Katz, PLLC, Brooklyn, NY (Howard Jay Meyer of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated December 13, 2022. The order denied the plaintiff's motion to vacate the dismissal of the complaint and to restore the action to the active calendar.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion to vacate the dismissal of the complaint and to restore the action to the active calendar is granted.
In November 2016, the plaintiff commenced this action, inter alia, to recover damages for conversion against, among others, the defendants Elliott Frankel and 1215 Nostrand, LLC (hereinafter together the defendants). On March 22, 2022, the action was marked "Dismissed" prior to the filing of a note of issue. In May 2022, the plaintiff moved to vacate the dismissal of the complaint and to restore the action to the active calendar. In an order dated December 13, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"When a plaintiff has failed to file a note of issue by a court-ordered deadline, restoration of the action to the active calendar is automatic, unless either a 90-day notice has been served pursuant to CPLR 3216 or there has been an order directing dismissal of the complaint pursuant to 22 NYCRR 202.27" (Rosario v Cummins, 222 AD3d 897, 897; see Santiago v City of New York, 206 AD3d 948, 949-950). "In the absence of those two circumstances, the court need not consider whether the plaintiff had a reasonable excuse for failing to timely file a note of issue" (Rosario v Cummins, 222 AD3d at 897; see Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 620).
Here, as the defendants correctly concede, CPLR 3404 does not apply to this pre-note of issue action (see Santiago v City of New York, 206 AD3d at 950; Finamore v David Ullman, P.C., 179 AD3d 642, 644). Further, the defendants do not dispute the plaintiff's contention that there was no 90-day notice pursuant to CPLR 3216. Moreover, the defendants do not assert that an order was issued directing dismissal of the complaint pursuant to 22 NYCRR 202.27 (see U.S. Bank N.A. v Salem, 191 AD3d 921, 922). Rather, the defendants asserted that the "Plaintiff failed to timely file [*2]the Note of Issue and the action was therefore disposed." Thus, the plaintiff was entitled to restore the action to the active calendar, without regard to whether he had a reasonable excuse for the delay or engaged in dilatory conduct (see Wells Fargo Bank, NA v Oziel, 196 AD3d at 620).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the dismissal of the complaint and to restore the action to the active calendar.
IANNACCI, J.P., GENOVESI, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court