Radutskiy v Neck Rd. One Realty, LLC (2025 NY Slip Op 03749)

Radutskiy v Neck Rd. One Realty, LLC

2025 NY Slip Op 03749

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-11189
 (Index No. 504591/21)

[*1]Boris Radutskiy, appellant, 
v
Neck Road One Realty, LLC, et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated August 15, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Net Cost Market which was pursuant to CPLR 5015(a)(1) to vacate so much of a prior order of the same court dated December 21, 2022, as denied that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it upon its failure to appear on the return date of its prior motion, and thereupon, granted that branch of its prior motion, and granted that branch of the cross-motion of the defendant Neck Road One Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated August 15, 2023, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained after tripping on a broken portion of curb and metal rod located adjacent to a grocery store in Brooklyn (hereinafter the premises). The premises was owned by the defendant Neck Road One Realty, LLC (hereinafter the owner), and leased by the defendant Net Cost Market (hereinafter the store).
The store moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. However, the store failed to appear on the scheduled return date of its motion. As a result, in an order dated December 21, 2022, the Supreme Court denied the store's motion upon its default.
The store subsequently moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated December 21, 2022, as denied that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it, and thereupon, to grant that branch of its prior motion. The owner cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated August 15, 2023, the Supreme Court, inter alia, granted those branches of the store's motion and the owner's cross-motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the owner's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it. "Liability for injuries sustained as a result of a dangerous condition on a public sidewalk is generally placed on the municipality and not on the owner of the abutting land" (Xiao Jin v City of New York, 219 AD3d 1470, 1471). However, pursuant to Administrative Code of the City of New York § 7-210(a), "[i]t shall be the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition" (see Sprinceana v City of New York, 217 AD3d 985, 986; Alleyne v City of New York, 89 AD3d 970, 971). "Sidewalk" is defined as that portion of the street "between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians" (Administrative Code § 19-101). Thus, "'section 7-210 does not shift liability to abutting property owners from the City of New York with respect to a defective condition existing on a curb'" (Sprinceana v City of New York, 217 AD3d at 986, quoting Alleyne v City of New York, 89 AD3d at 971; see Administrative Code § 19-101; Metzker v City of New York, 139 AD3d 828, 830; Ascencio v New York City Hous. Auth., 77 AD3d 592, 592-593).
Here, in support of that branch of its cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it, the owner submitted, inter alia, a transcript of the deposition testimony of the plaintiff, who testified that he tripped while attempting to step onto the sidewalk from the street, and a photograph depicting the broken portion of curb and metal rod that allegedly caused the plaintiff to fall. This evidence established, prima facie, that the alleged defects that caused the plaintiff to fall were located exclusively within the curb and not on the sidewalk abutting the owner's property (see Fernandez v 2265 E. Tremont Realty, LLC, 188 AD3d 529, 529; Cavaretta v Michigan Coop. Corp., 175 AD3d 1479, 1480; cf. Figueroa v City of New York, 221 AD3d 527, 528; Metzker v City of New York, 139 AD3d 828, 830; Buonviaggio v Parkside Assoc., L.P., 120 AD3d 460, 461). In opposition, the plaintiff failed to raise a triable issue of fact (see Padarat v New York City Tr. Auth., 175 AD3d 700, 704; see also Fernandez v 2265 E. Tremont Realty, LLC, 188 AD3d at 530).
The Supreme Court providently exercised its discretion in granting that branch of the store's motion which was to vacate so much of the order dated December 21, 2022, as denied that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it. "A party seeking to vacate a default in appearing on the return date of a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense" (Deutsche Bank Natl. Trust Co. v Moses, 223 AD3d 784, 786 [internal quotation marks omitted]; see Weinberger v Wild Orchid Flowers Corp., 215 AD3d 785, 787; Santiago v City of New York, 206 AD3d 948, 949). Here, the store's detailed and credible excuse of law office failure adequately explained its failure to appear on the scheduled return date of its prior motion (see Santiago v City of New York, 206 AD3d at 949; Nunez v Olympic Fence & Railing Co., Inc., 138 AD3d 807, 808). In addition, the store met its burden of demonstrating a potentially meritorious defense, including that the store had no duty to maintain the area where the accident occurred, warranting a decision on the merits (see Weinberger v Wild Orchid Flowers Corp., 215 AD3d at 787; Nunez v Olympic Fence & Railing Co., Inc., 138 AD3d at 808). Moreover, upon vacatur, the court properly granted that branch of the store's prior motion which was for summary judgment dismissing the complaint insofar as asserted against it (see Fernandez v 2265 E. Tremont Realty, LLC, 188 AD3d at 529; Cavaretta v Michigan Coop. Corp., 175 AD3d at 1480).
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court