Alnoukari v Nokari (2026 NY Slip Op 01025)

Alnoukari v Nokari

2026 NY Slip Op 01025

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-03413
 (Index No. 511872/14)

[*1]Mais Alnoukari, et al., respondents,
vDaed Nokari, etc., et al., appellants.

The Zweig Law Firm, P.C., Cedarhurst, NY (Jonah S. Zweig of counsel), for appellants.
Law Office of Bryan J. Swerling, P.C. (Gajjar Law Firm, P.C., New York, NY [Ripal J. Gajjar], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for assault, battery, and defamation, the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated November 28, 2023. The order, insofar as appealed from, granted the plaintiffs' motion to restore the action to the calendar.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for assault, battery, and defamation. According to the plaintiffs, in November 2020, the case was marked "Disposed" after they were unable to file a note of issue by a court-imposed deadline.
In November 2023, the plaintiffs moved to restore the action to the calendar. The defendants cross-moved to sever the causes of action asserted against each of them. By order dated November 28, 2023, the Supreme Court granted the motion and referred the cross-motion to be determined by a different justice. The defendants appeal.
"When a plaintiff has failed to file a note of issue by a court-ordered deadline, restoration of the action to the active calendar is automatic, unless either a 90-day notice has been served pursuant to CPLR 3216 or there has been an order directing dismissal of the complaint pursuant to 22 NYCRR 202.27" (Adams v Frankel, 235 AD3d 816, 817 [internal quotation marks omitted]; see Rosario v Cummins, 222 AD3d 897, 897). "In the absence of those two circumstances, the court need not consider whether the plaintiff had a reasonable excuse for failing to timely file a note of issue" (Adams v Frankel, 235 AD3d at 817 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 620).
Here, "the defendants do not dispute . . . that there was no 90-day notice pursuant to CPLR 3216" and have not "assert[ed] that an order was issued directing dismissal of the complaint pursuant to 22 NYCRR 202.27" (Adams v Frankel, 235 AD3d at 817). Therefore, the plaintiffs were entitled to have the action restored to the active calendar, without regard to whether they had a reasonable excuse for the delay or engaged in dilatory conduct (see id.; Wells Fargo Bank, N.A. v [*2]Drago, 170 AD3d 1083, 1084). Contrary to the defendants' contention, CPLR 3404 does not apply to this pre-note of issue action (see Adams v Frankel, 235 AD3d at 817; Santiago v City of New York, 206 AD3d 948, 950). Accordingly, under the circumstances, the Supreme Court properly granted the plaintiffs' motion.
The Supreme Court did not decide the defendants' cross-motion to sever the causes of action asserted against each of them. Since the cross-motion remains pending and undecided, any arguments raised with respect thereto are not properly before this Court (see Hernandez-Panell v City of New York, 232 AD3d 859, 861; Katz v Katz, 68 AD2d 536, 543).
The defendants' remaining contention is without merit.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court