Landro v Abadiotakis

2026 NY Slip Op 02258

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Dawn Landro, plaintiff,

v

John Abadiotakis, et al., appellants, City of New York, respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-10339, (Index No. 503806/21)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. Mccormack

Susan Quirk, JJ.

The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins of counsel), for appellants.

Steven Banks, Corporation Counsel, New York, NY (Geoffrey E. Curfman of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants John Abadiotakis, Christian Abadiotakis, Angela Abadiotakis, and Helen Abadiotakis appeal from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated August 14, 2024. The order, insofar as appealed from, granted the motion of the defendant City of New York for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it.

ORDERED that the appeal from so much of the order as granted those branches of the motion of the defendant City of New York which were for summary judgment dismissing the amended complaint and the cross-claims of the defendant Judy's Hair Salon, Inc., insofar as asserted against it are dismissed, as the defendants John Abadiotakis, Christian Abadiotakis, Angela Abadiotakis, and Helen Abadiotakis are not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,

ORDERED that the order is affirmed insofar as reviewed; and it is further,

ORDERED that one bill of costs is awarded to the defendant City of New York, payable by the defendants John Abadiotakis, Christian Abadiotakis, Angela Abadiotakis, and Helen Abadiotakis.

In September 2020, the plaintiff allegedly was injured when she fell on an uneven condition on a sidewalk abutting property owned by the defendants John Abadiotakis, Christian Abadiotakis, Angela Abadiotakis, and Helen Abadiotakis (hereinafter collectively the Abadiotakis defendants) in Brooklyn. The plaintiff subsequently commenced this action to recover damages for personal injuries against the Abadiotakis defendants, the defendant City of New York, and another defendant.

The City moved, inter alia, for summary judgment dismissing the cross-claims of the Abadiotakis defendants insofar as asserted against it. In an order dated August 14, 2024, the Supreme Court, among other things, granted that branch of the City's motion. The Abadiotakis defendants appeal.

"Administrative Code of the City of New York § 7-210 . . . shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner" (Scott v 797 Quincy St, LLC, 237 AD3d 1124, 1125 [internal quotation marks omitted]). Pursuant to section 7-210(a) of the Administrative Code, "[i]t [is] the duty of the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." However, "section 7-210 does not shift liability to abutting property owners from the City of New York with respect to a defective condition existing on a curb" (Alleyne v City of New York, 89 AD3d 970, 971; see Administrative Code §§ 7-210, 19-101; Sprinceana v City of New York, 217 AD3d 985, 986).

Here, in support of that branch of its motion which was for summary judgment dismissing the cross-claims of the Abadiotakis defendants insofar as asserted against it, the City met its prima facie burden of establishing that it was not liable as a matter of law pursuant to section 7-210 of the Administrative Code by submitting evidence that the plaintiff fell on the sidewalk abutting the Abadiotakis defendants' property (see id.; Nicoletti v City of New York, 77 AD3d 715, 716-717). In opposition, the Abadiotakis defendants failed to raise a triable issue of fact (see Gallis v 23-21 33 Rd., LLC, 198 AD3d 730, 732; Dragonetti v 301 Mar. Ave. Corp., 180 AD3d 870, 871; Ippolito v Consolidated Edison of N.Y., Inc., 177 AD3d 715, 717).

The Abadiotakis defendants' remaining contention need not be reached.

Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the cross-claims of the Abadiotakis defendants insofar as asserted against it.

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court